■ In the Matter of 5TH AND 14TH REALTIES, INC., Appellant, v. TAX COMMISSION OF THE CITY OF NEW YORK, Respondent.— Final order entered on or about June 13, 1960, insofar as it fails to reduce the assessments to the amounts demanded in the petition, unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Botein, P. J., Breitel, Rabin, Valente and Eager, JJ.

■ In the Matter of 5TH AND 14TH REALTIES, INC., Appellant, v. TAX COMMISSION OF THE CITY OF NEW YORK, Respondent.— Final order entered on or about June 13, 1960, insofar as it fails to reduce the assessments to the amounts demanded in the petition, unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Botein, P. J., Breitel, Rabin, Valente and Eager, JJ.

■ RUTH WAVROVICS et al., Respondents, v. CITY OF NEW YORK, Appellant. — Order entered on or about June 20, 1960, granting plaintiffs' second motion for a renewal of an application to vacate a dismissal of the action on January 3, 1958, pursuant to rule 302 of the Rules of Civil Practice and to restore the case to the calendar, unanimously reversed, on the law and on the facts and in the exercise of discretion, with $20 costs and disbursements to appellant, and the motion denied, with $10 costs. Although no motion was made to open the default before moving to restore the case to the calendar (*Mintzer* v. *Loeb, Rhoades & Co.*, 10 A D 2d 27, 29) we have disregarded this technical defect and considered the motion on the merits under the general prayer of the notice of motion for other and further relief (see *Radar-Electronics* v. *Oscar Leventhal, Inc.*, 8 A D 2d 778). It has been held by this court that the same consequences flow from a failure to restore a case which has been dismissed under rule 302 as upon failure diligently to prosecute an action (*Malekian* v. *McLean Trucking Co.*, 10 A D 2d 825). The suit involves an accident which occurred in November, 1952. Although Special Term found that the case had been mishandled and considered that to grant the motion would be " an improvident exercise of discretion ", the motion to vacate the dismissal was nevertheless granted on the general ground of the interests of justice. In view of the failure adequately to explain the inordinate delays in prosecuting the litigation, the second application to renew the motion to open the default, vacate the dismissal and restore the case to the calendar should have been denied. Concur — Breitel, J. P., Rabin, Valente, McNally and Bastow, JJ.

■ WESTINGHOUSE ELECTRIC CORPORATION, Respondent, v. JOSEPH H. LYONS et al., Individually and Doing Business under the Name of LYONS ELECTRICAL DISTRIBUTING COMPANY, Appellants.— Judgment unanimously affirmed, with costs to the respondent. No opinion. Order entered on October 27, 1958, denying defendants' motion to vacate the interlocutory judgment of November 30, 1953 on the ground of newly discovered evidence, unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Botein, P. J., McNally, Stevens, Eager and Bastow, JJ.

■ WOLF ALBA, Respondent, v. CITY OF NEW YORK, Appellant.— Judgment unanimously affirmed, with costs to the respondent. No opinion. Concur — Breitel, J. P., Rabin, Stevens, Eager and Bastow, JJ.

■ KATHERINE RAPTIS, Respondent, v. GRAND UNION COMPANY, Appellant. — Order entered on or about January 9, 1961, denying defendant's motion to dismiss the second amended complaint for legal insufficiency under rule 106 of the Rules of Civil Practice, unanimously reversed, on the law, with $20 costs and disbursements to defendant-appellant and the motion granted, with $10 costs, with leave, in the exercise of discretion, to plaintiff-respondent to serve a further amended complaint. The allegations of breach of covenant are