■ THE PEOPLE OF THE STATE OF NEW YORK, v TIMOTHY FRENCH, Defendant—Motion to extend time for taking appeal denied. (See *People v Ali,* 35 AD2d 432; *People v Curry,* 42 AD2d 514).

■

### (September 24, 1975)

■ SAL MASONRY CONTRACTORS, INC., Respondent, v ARKAY CONSTRUCTION CORPORATION et al., Appellants.—Order unanimously affirmed, without costs. Memorandum: Plaintiff's motion to restore this case to the calendar was granted at Special Term. On October 25, 1973 it was marked off the calendar when neither party appeared for a pretrial conference, apparently because the case was not properly listed in a law journal. No motion was made under the provisions of 22 NYCRR 1024.13 within one year for its restoration to the calendar, explaining its previous disposition, stating meritorious reasons for its restoration and that it was ready for trial. Consequently, it was deemed abandoned and dismissed pursuant to CPLR 3404. When a case has been abandoned and dismissed a motion to open the default and restore it to the calendar will require the same kind of proof of merit, lack of prejudice to the opposing party and excusable neglect as must be shown to open a default. *(McIntire Assoc. v Glens Falls Ins. Co.,* 41 AD2d 692; *Marco v Sachs,* 10 NY2d 542; CPLR 5015, subd [a], par 1; 4 Weinstein-Korn-Miller, NY Civ Prac, pars 3404.05, 3404.06.) Plaintiff's application having met the necessary requirements to open a default and restore the case to the calendar, it is treated as an application for such relief. (Appeal from order of Supreme Court, Onondaga County, restoring case to calendar.) Present—Marsh, P. J., Moule, Cardamone, Del Vecchio and Witmer, JJ.