■ 873 THIRD AVENUE CORP., Respondent, v MADISON ASSOCIATES, Appellant. MADISON ASSOCIATES, Appellant, v 873 THIRD AVENUE CORP., Respondent.—Order, Supreme Court, New York County, entered September 9, 1976, in the above-entitled declaratory judgment action, staying proceedings in a pending appraisal, pending determination of the action for declaratory judgment, is affirmed, without costs and without disbursements, for the reasons stated by Stecher, J., at Special Term. Order, Supreme Court, New York County, entered July 26, 1976, in the above-entitled appraisal proceeding denying specific enforcement of appraisal agreement, is affirmed, without costs and without disbursements, for the reasons stated by Stecher, J., at Special Term in the declaratory judgment action. As the same issue—the right of landlord Madison Associates to an appraisal under the terms of the lease—is involved in and determinative of both the declaratory judgment action and the appraisal proceeding, it would appear desirable to have a joint trial. Concur—Stevens, P. J., Birns, Silverman and Lynch, JJ.; Murphy, J., dissents in the following memorandum: 873 Third Avenue Corp. is the net lessee and Madison Associates is the net lessor of the subject premises. To the extent here relevant, paragraph XXXIX of the lease provides as follows: "and at the end of the second seven year term hereof, the rental for the third seven year period shall be $21,000.00 per annum, or six per centum (6%) of the appraised value of the land per annum, as determined by appraisal and/or by arbitration, if necessary, set forth in Paragraph XXX of this lease, whichever is greater". Paragraph XXX provides, *inter alia,* for the arbitration of all disputes including any dispute over the appraised value of the land. The second seven-year period, alluded to in paragraph XXXIX of the lease, expired on April 30, 1973. On October 19, 1973, the lessor sent written notice of arbitration to the lessee; that letter also indicated that James G. Peel was being appointed as the lessor's appraiser in the arbitration. On November 2, 1973, the lessee advised the lessor that Jerome Block was being appointed as its appraiser. On March 31, 1976, the lessor informed the lessee that John McCormick was replacing Peel as its appraiser. Thereafter, the lessee brought an action for judgment declaring that the lessor had abandoned the arbitration and was not entitled to any rent increase. Subsequently, the lessor brought on a petition pursuant to CPLR 7601 seeking to compel the lessee to arbitrate. The lower court stayed the arbitration pending a determination of the lessee's application for declaratory judgment determining the rights, duties, obligations, validity and interpretation of paragraph XXXIX of the lease. CPLR 7601 provides that a special proceeding may be commenced to specifically enforce an agreement that a question of valuation, appraisal or other issue or controversy be determined by a person named or to be selected. In view of this mandate contained in CPLR 7601, the lessee should have sought relief in a special proceeding rather than in a plenary action for declaratory judgment. The lessee's action should be treated as a special proceeding to stay the arbitration. With regard to the merits of the appeal, the lessee

maintained that the arbitration, as originally commenced in October of 1973, was untimely since it was not brought at the end of the second seven-year term. There is no merit to this contention because the lessee, in selecting its own arbitrator in November of 1973, waived its right to object to the timeliness of the arbitration. The chief thrust of the lessee's argument is that the lessor abandoned the arbitration by its 29 months of inactivity during the period October, 1973 through March, 1976. Emphasis is also placed on the fact that the lessor never informed the lessee that Peel had withdrawn as its appraiser in the early part of 1974. Edwin Glickman, a partner in the lessor, stated in his affidavit that during the period of the purported delay the lessee was aware of his corporation's desire to proceed with the appraisal. Glickman averred that the lessee, through an intermediary named Sy Kaplan, repeatedly attempted to sell its leasehold interest to the lessor. He further stated that Kaplan was repeatedly told that the lessor was not interested because it expected a considerable increase in the rent as a result of the appraisal for the current term. Kaplan was asked to relay this message to the lessee; the lessee never once questioned the fact as to whether the appraisal was pending during the period of the delay. Sol Garfinkel, the lessee's vice-president, stated in his reply affidavit that "extraneous informal conversations between the parties are irrelevant to the basic issues before this Court." Likewise, it should be observed that no affidavit was submitted from Kaplan to deny the substance of his conversations with Glickman. In view of the lessee's failure to deny the averments in Glickman's affidavit, this tribunal must accept as true the lessor's allegation that the lessee knew that the arbitration was pending and that it had not been abandoned. In any event, even if the arbitration was deemed to be abandoned by the lessor, the latter should be able to vacate its default upon proof of merit, lack of prejudice to the lessee and an excuse for its neglect (cf. *Sal Masonry Contr. v Arkay Constr. Corp.,* 49 AD2d 808). Glickman has met the first prerequisite for opening the lessor's default by indicating in his affidavit that the rental value of the premises, based upon the current appraised value of the land, will be significantly higher than the $21,000 rent now collected. During the passage of the 29 months, the lessee has not shown that it has been prejudiced in any way. Of course, the lessee can not claim prejudice by the fact that its rent may be increased after arbitration is held for this is an explicit contingency of the parties' lease. Hence, the second prerequisite has also been satisfied. With regard to the third prerequisite, the lessor should have promptly informed the lessee that its appraiser had withdrawn. Nonetheless, it should be stressed that, under paragraph XXX of the lease, the two appointed arbitrators were under an obligation to proceed to act to determine future rentals in accordance with paragraph XXIX or to settle the dispute. Had the lessee's arbitrator chosen to prosecute the arbitration rather than to acquiesce in the delay, he would have discovered, as a matter of course, that the lessor's original arbitrator had withdrawn. Upon the lessor's failure to appoint a substitute within 10 days, it would then have been incumbent upon the lessee's arbitrator to appoint a substitute in accordance with the directives in paragraph XXX. In the absence of any demand to proceed by the lessee's arbitrator, it can not be validly claimed that the lessor failed to prosecute the arbitration. Be that as it may, Glickman has stressed that, upon Peel's withdrawal, the lessor wished to substitute McCormick. However, McCormick's firm was then representing a prospective seller of real property in which the lessor had an interest. To avoid a conflict of interest upon McCormick's part during the sales negotiations, McCormick's substitution in the arbitration was delayed

until March, 1976. Under these extraordinary circumstances and in the absence of any proof indicating that this was not the actual reason for the delay, the lessor's excuse should be accepted as satisfactory. The orders should be reversed and the parties should be directed to proceed to arbitration.