■ YVETTE ECHEVARRIA, Respondent, v JACOB BANK, Appellant, et al., Defendant. — In a medical malpractice action, defendant Jacob Bank appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Widlitz, J.), dated May 18, 1984, as granted the plaintiff's motion to restore the action to the Trial Calendar.

Order modified by adding thereto provisions that (1) plaintiff's motion is deemed one to vacate her default in appearing for trial, to vacate a judgment of the Supreme Court, Nassau County, dated December 28, 1983, dismissing her complaint upon said default, and thereupon to restore the matter to the Trial Calendar and (2) that the judgment dated December 28, 1983, is vacated. As so modified, order affirmed insofar as appealed from, with costs to plaintiff.

Although no motion was made to open plaintiff's default in appearing for trial before moving to restore the case to the Trial Calendar, we have disregarded this technical defect and consider the motion, as Special Term apparently did, as one made, *inter alia,* to vacate the underlying judgment dismissing plaintiff's complaint (*see, Hummeil v Balanich,* 63 AD2d 802; *Sal Masonry Contrs. v Arkay Constr. Corp.,* 49 AD2d 808; *Wavrovics v City of New York,* 13 AD2d 738). It is not contended that Special Term abused its discretion in effectively vacating plain-

tiff's default and restoring the within action to the Trial Calendar, nor do we perceive any such abuse under the facts of the instant case.

We have considered the appellant's remaining contentions and find them to be without merit. *Pergamon Press v Tietze* (81 AD2d 831) and *Parker v McMahon* (53 AD2d 1034) are distinguishable on their facts and do not compel a contrary result. Lazer, J. P., Gibbons, O'Connor and Brown, JJ., concur.