■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PETER CORSO, Appellant.— Order, entered August 30, 1961, denying the application for a writ of coram nobis, without a hearing, reversed on the law and in the exercise of discretion and the matter remanded for a hearing. Petitioner asserts that his plea of guilty to two crimes of robbery in the first degree and related crimes, was induced by the prosecutor's promise of a lenient sentence. He claims that the promise of leniency was not fulfilled. In support of his application he submits his own affidavit together with a corroborating affidavit of his mother and one of a former girl friend. The District Attorney resists a hearing because a prior application upon the same grounds was denied and the appeal from such denial was dismissed for failure to prosecute. In urging the affirmance of the order dismissing the writ the District Attorney relies chiefly on the case of People v. Sullivan (4 N Y 2d 472, 473–474). While the court in that case did say that " Where a second or later application is made, which alleges no new

or additional evidence and is in all material respects substantially the same as dealt with in the prior application, there is no reason why a hearing must be conducted on the renewed application ", it also said that " The court, of course, will consider new or additional evidence and in the exercise of his judicial discretion decide whether such evidence is of sufficient merit and substance to warrant a new hearing." The District Attorney, on oral argument, frankly stated that were this the first application then perhaps a hearing would be justified. In view of the additional affidavits now submitted, and the fact that the petitioner's prior application had been denied without having granted him a hearing, discretion should be exercised to permit a hearing at this time. It is observed that the judgment of conviction sought to be vacated was rendered in June of 1953. The long lapse of time between sentence and the *coram nobis* application possibly could result in prejudice to the People in the event that the writ be ultimately sustained. Perhaps the doctrine of laches should apply in a proceeding in the nature of *coram nobis* as it does in other branches of the law. Here, however, there are no facts presented on which a finding of laches could be made — if indeed laches could be considered as a reason for refusing to exercise discretion to direct a hearing. Concur — Breitel, J. P., Rabin, McNally and Eager, JJ.; STEUER, J., dissents and votes to affirm in the following memorandum: I dissent and vote to affirm. In the first place, in the long and detailed affidavit submitted by petitioner, nowhere does he even suggest that he was not guilty of the crimes with which he was charged and to which he pleaded guilty. Nor is there any claim that the sentence meted out to him was not appropriate for what he did. His sole contention is that he was promised a sentence of 5 to 10 years and he actually received a sentence of 15 to 25 years. Furthermore there is no claim that he was induced to plead guilty because of the offer of the lighter sentence. The latter, as he alleges, was offered to him as a consideration for assisting the District Attorney and in the prosecution of another defendant. He was advised, and he does not dispute, that his own case was desperate. He had no defense, he had a record of prior crimes, and, whether he went to trial or pleaded guilty, he had little to expect in the way of leniency. So for these reasons he agreed to co-operate in the prosecution of the other defendant. Assuming his claims to be entirely true, *coram nobis* is no remedy. There is no error in his plea or his sentence. He was not improperly induced to plead guilty. He was not induced at all. At most, he alleges the failure to carry out an unauthorized bargain. It is submitted that *coram nobis* is not a vehicle for the specific performance of a contract, legal or illegal. In addition, despite the concession of the District Attorney made on the argument and referred to in the memorandum opinion, petitioner does not establish a case for a hearing. During all the time that the alleged negotiations were going on, he was represented by counsel and his attorney was one of the most experienced and capable practitioners in the field of criminal law. It is just inconceivable that in these negotiations which embraced, according to defendant, his mother and his girl friend, and debate with them as to what he should do, he did not consult his counsel. Nor does he deny that he spoke to him. The affidavit ignores that glaring situation. Had he consulted his counsel, it is equally plain that he must have been advised that the Assistant District Attorney has no authority to make a promise in regard to sentence and, if he does, his promise is not binding on the court. At the time of sentence, he was still represented by the same able counsel, but there was no protest from either of them. In the absence of an explanation of this extraordinary conduct, no case is made out for an improper or unjustified sentence and no showing made that a hearing would or could result in vacating the judgment of conviction. The memorandum makes the tentative suggestion

that the doctrine of laches might well be applied in *coram nobis* proceedings. The suggestion is born of extensive experience with applications of this kind and points to the crying need to introduce some rules in these cases. The result of an effort to do justice without any regulatory guide can only develop into a situation of chaos which mocks all criminal law enforcement. But I cannot accept the statement that no facts are presented here on which laches could be found. If a trial of the indictment results, how is it to be expected that the witnesses will recall the details after a lapse of nine years, assuming — which is improbable — that they will be available to testify. Nor does defendant offer any explanation for the delay. All the evidence that defendant indicates he will produce was available to him at all times. And if he had any cause for complaint, he certainly was aware of it. If these facts do not warrant a finding of laches, it is hard to imagine what facts would. As to whether laches is available to defeat a hearing, I share both the doubt and the hope inherent in the memorandum opinion.