■ NATIONAL TELEFILM ASSOCIATES, INC., Respondent, v. PAMANDIA PRODUCTIONS, INC., et al., Appellants.— Order, Supreme Court, New York County, entered on August 15, 1972, dismissing defendants' affirmative defenses and counterclaims, unanimously modified, on the law, to the extent of reinstating the first, third, fourth, fifth and sixth counterclaims, and otherwise affirmed, without costs and without disbursements. Unlike the second counterclaim, which was properly dismissed because it seeks affirmative relief under the Federal anti-trust laws, the other pleaded counterclaims allege, *inter alia,* breach of contract, commingling of funds, conversion and unjust enrichment. All properly seek relief under State law and, since triable issues were raised, should not have been dismissed. Defendants' failure to comply with the notice provisions of the contract, though precluding them from exercising their contractual remedies because of plaintiff's alleged defaults, does not bar them from obtaining the relief sought in the reinstated counterclaims. Concur — Nunez, J. P., Murphy, Lane, Steuer and Capozzoli, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEROY CURRY, JR., Appellant.— Order, Supreme Court, New York County, entered January 11, 1972, denying, without a hearing, defendant's motion for a writ of error *coram nobis,* unanimously vacated, on the law, and, in the interest of justice, the purported appeal therefrom is treated as an application, pursuant to CPL 460.30, for an extension of time to take an appeal from the judgment of said court rendered on February 24, 1971, and such application granted, and the time to appeal extended until 30 days from the date of entry of the order hereon. In the event defendant elects to take and prosecute such appeal, the same may be heard on the original record and upon reproduced appellant's points. Counsel previously assigned to defendant by order of this court entered on June 8, 1972 shall continue as counsel for the purposes of the appeal. Defendant was permitted to plead guilty to manslaughter in the second degree to cover an indictment charging him with felony murder and was sentenced to an indeterminate term of imprisonment not to exceed 10 years. Defendant was advised of his right to appeal. He claims he instructed his attorney to file a notice of appeal, but that such instruction was disregarded. Defendant then applied for *coram nobis* relief, which was denied by the sentencing court. In view of the fact that the application below was made in October, 1971, after the effective date of the Criminal Procedure Law, and was based on the alleged improper conduct of defendant's counsel, the sentencing court lacked jurisdiction to entertain the application (CPL 460.30). However, since defendant seeks a reduction of sentence, an appropriate "viable claim" has been presented for appellate review (*People* v. *Colman,* 30 N Y 2d 582). Accordingly, in the interest of justice, we treat the instant appeal as an application for an extension of time to take an appeal from the judgment of conviction; and such time is hereby extended until 30 days from the date of the order entered hereon. In the event defendant elects to take and prosecute such appeal, the same may be heard on the original record and upon reproduced appellant's points. Counsel previously assigned to defendant shall continue as counsel for the purposes of the appeal. Concur — McGivern, J. P., Markewich, Nunez, Kupferman and Murphy, JJ.