Jasen, J.
In June, 1962, the defendant pleaded guilty to manslaughter in the first degree in satisfaction of an indictment charging murder in the second degree. He was sentenced as a *329 second-felony offender to a minimum of 20 years and a maximum of 25 years imprisonment.[1] No appeal was taken from the judgment of conviction.
Nine years later, in August, 1971, this coram nobis proceeding ensued. While defendant alleges several grounds[2] for vacating the 1962 judgment of conviction, he seeks, in essence, resentencing pursuant to People v. Montgomery (24 N Y 2d 130) for purposes of taking an appeal. With regard to the Montgomery claim, he avers that he was not advised of his right to appeal and that the sentence imposed was in excess of his expectation.
The County Court denied the defendant’s motion without a hearing. The Appellate Division affirmed, without opinion. We are called upon to decide whether pursuant to People v. Lynn (28 N Y 2d 196), defendant is entitled to a hearing on his claim. We hold that he is not and, accordingly, affirm.
The right to appeal a criminal conviction is fundamental and cannot be lost because the defendant was unaware of its existence or because counsel failed to keep a promise to file or prosecute an appeal. (People v. Montgomery, 24 N Y 2d 130, 132, supra.) Hence, where a defendant, after a trial and conviction, makes a substantial showing that he was not advised by counsel of his right to appeal, he is entitled to a hearing on his claim and, if there is merit to the claim, to resentencing for purposes of taking an appeal. (Pp. 133-134.) But where a defendant pleads guilty, different considerations apply. By pleading guilty, he waives certain rights (see People v. La Ruffa, 34 N Y 2d 242, 245, supra) and evinces, prima facie, an intention to forego appellate review of his conviction. (People v. *330 Lynn, supra, p. 202.) This being so, we have held that, with limited exceptions, before a defendant who pleads guilty is entitled to a hearing on his claim, it must appear that “ during the time allowed for taking an appeal, the defendant disputed the validity of the judgment of conviction ” and that he had a genuine appealable issue which, but for ignorance of or improper advice as to his rights, he might have raised on appeal. (People v. Lynn, supra, pp. 203-205.)
Turning to the case before us, the defendant alleges in bare conclusory form that he was not advised of his right to appeál. Although he furnishes an affidavit from his former attorney, it is equivocal at best. Indeed, it is hardly surprising that after a lapse of nine years, the defendant’s attorney has no recollection of having advised his client of the right to appeal. Moreover, totally lacking are evidentiary averments that might lend color to this naked claim, now tarnished by the passage of time and the fact that previously the defendant brought a number of postconviction proceedings on other grounds.
Nor, for purposes of gaining a Montgomery hearing, has the defendant asserted a demonstrably genuine appealable issue. To begin with, whether his claim of excessiveness of sentence is tenable cannot be divorced in the first instance from the credibility or lack of it in his claim that he was not aware or advised of his right to appeal. Also, at the outset defendant’s petition is fatally flawed because there is no showing whatever that during the time for taking an appeal he disputed the propriety of the sentence imposed.
Furthermore, it should be obvious that not every argument that can be generated with respect to sentence raises a tenable claim of excessiveness for it must be recognized that in practice the defendant who pleads guilty often is sentenced more leniently. (See President’s Commission on Law Enforcement and Administration of Justice, Task Force Report: The Courts, pp. 9-11.) Then, too, defendant asserts only that a minimal sentence was expected, which is something less than alleging that the actual sentence imposed was excessive or severe. (Compare People v. Lynn, supra, pp. 199, 204.) But more fundamentally, where, as here, a defendant has been sentenced to less than the permissible maximum sentence — he could have *331 been sentenced to a maximum of 40 years — a claim of excessiveness simply is not tenable for purposes of Montgomery relief. (But see People v. Coleman, 30 N Y 2d 582.)
For the reasons stated, the order of the Appellate Division should be affirmed.
Chief Judge Breitel and Judges Gabrielli, Jones, Wachtler, Babin and Stevens concur.
Order affirmed.

. Defendant had previously been convicted in 1935, upon a plea of guilty, of manslaughter in the first degree.

. Defendant avers that he was coerced by counsel to plead guilty. But he alleges no facts from which it could be inferred that his will was overborne and that the plea was not his free choice. He also asserts an alibi defense which ordinarily would be deemed waived by a plea of guilty. (Cf. People v. La Ruffa, 34 N Y 2d 242.) This latter claim is in the nature of a motion to vacate the judgment of conviction on the ground of newly discovered evidence. However, defendant fails to allege that the facts on which the claim is based were unavailable to him at the time of the underlying conviction. Moreover, he offers no explanation for failing to press it at that time. On this record, we may only assume that, by his plea of guilty, he made a conscious choice to forego this purported defense.