Memorandum. The order of the Appellate Division should be reversed and defendant’s motion to be resentenced denied.
In order to be entitled to a hearing on a claim that he was not advised of the right to appeal (see People v Montgomery, 24 NY2d 130), a defendant whose conviction resulted from a plea of guilty must have disputed the validity of the judgment of conviction and demonstrate a "genuine appealable issue which, but for ignorance of or improper advice as to his rights, he might have raised on appeal” (People v Melton, 35 NY2d 327, 330; People v Lynn, 28 NY2d 196, 203-205). In People v Melton (supra, pp 330-331) we held that an unsupported claim of excessiveness of sentence was not a tenable basis for relief pursuant to People v Montgomery (supra), where the defendant was sentenced to less than the maximum permissible sentence (cf. People v Coleman, 30 NY2d 582). Here appellant, as a second felony offender, was subject to a maximum sentence of 30 to 60 years for his conviction of robbery in the first degree (see former Penal Law, §§ 1941, 2125), but instead was sentenced to a lesser 15 to 25 year term of imprisonment. Thus, in asserting that his sentence was excessive, defendant has not established the existence of a claim upon which Montgomery relief may be granted, and his application must be rejected.
Similarly, defendant’s related contention that the District Attorney breached a promise of a lighter sentence is not sufficient to warrant a Montgomery hearing since this claim has been fully and unsuccessfully litigated in prior coram nobis proceedings instituted by defendant (see People v Corso, 17 AD2d 939, 7 AD2d 630).
We are of the opinion that applications seeking Montgomery relief are encompassed by CPL 460.30 and should be brought in the manner prescribed in that section. An application for a hearing to determine whether the defendant has been advised of his right to appeal and a subsequent resentencing for purposes of taking an appeal has heretofore been *580 pursued via the traditional vehicle of coram nobis. With the enactment of the Criminal Procedure Law, the Legislature sought to codify the various grounds for coram nobis relief in CPL 440.10 (see People v Session, 34 NY2d 254, 255; Denzer, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 440.10, p 183). This section, however, does not contain a provision for Montgomery relief. CPL 440.10 is designed and delineates the grounds for vacating a judgment of conviction while, on a Montgomery claim, the defendant essentially seeks an extension of time for taking an appeal via resentencing rather than a vacatur of his conviction. Of course, it should be noted that if a petitioner possesses an underlying claim relating to the validity of his conviction which falls within the enumerated grounds set forth in CPL 440.10, he may move at nisi prius to vacate the judgment at any time. For example, if the issue which the defendant seeks to raise on appeal is one of constitutional dimension, he may move pursuant to CPL 440.10 (subd 1, par [h]) which concerns those cases where it is claimed that a conviction was obtained in violation of either a State or Federal constitutional right.
Having determined that the relief provided in People v Montgomery (24 NY2d 130, supra) has not been codified in CPL 440.10, it is necessary to determine whether any other provision of the Criminal Procedure Law encompasses a Montgomery claim. We should note, of course, that CPL 440.20 which codifies the grounds for setting aside a sentence is inapplicable since it relates only to situations where a sentence is "unauthorized, illegally imposed or otherwise invalid as a matter of law.” However, CPL 460.30, in express terms, directly applies to and treats an application for extension of time for taking an appeal. In People v Montgomery (24 NY2d 130, supra) it was held that, upon a showing that he was not advised of his right to appeal, a defendant was entitled to a hearing on that issue, and if his claim were valid, he was entitled to resentencing for the purpose of extending the time for taking an appeal. While there is no history indicating that the Legislature explicitly sought to codify People v Montgomery (supra) in CPL 460.30, the statute plainly and precisely deals with and encompasses the relief sought on a Montgomery claim and eliminates the necessity of resentencing for the purposes of taking a timely appeal (see People v Curry, 42 AD2d 514).
Pursuant to CPL 460.30 (subd 1) an application is made to *581 the intermediate appellate court to which the defendant desires to take an appeal and that court may extend the time for taking an appeal if the failure to take a timely appeal resulted from, in the words of the statute, "improper conduct of a public servant or from improper conduct * * * of the defendant’s attorney.” We conclude that a failure to advise the defendant of his right to appeal may, of course, be deemed "improper conduct”. The hearing afforded to the defendant pursuant to People v Montgomery (supra) is available pursuant to CPL 460.30 (subd 5) which provides that, if the intermediate appellate court determines that there are factual issues to be resolved in order for the motion to be decided, it must remit to the court which entered or imposed the judgment, sentence or order sought to be appealed from in order to make findings of fact, following which the appellate court may proceed to decide the motion. An appeal to the Court of Appeals is available from an order granting or denying a motion made pursuant to CPL 460.30 pursuant to subdivision 6 of the statute which provides that such order is appealable if, "(a) such order states that the determination was made upon the law alone, and (b) a judge of the court of appeals * * * issues a certificate granting leave to appellant to appeal to the court of appeals.”
Finally, we point out that a motion pursuant to CPL 460.30 must be made with due diligence and in any event may not be made more than one year after the time for taking an appeal has expired (CPL 460.30, subd 1); moreover, we are of the opinion that applications seeking Montgomery relief involving judgments of conviction entered prior to the enactment of CPL 460.30 are now, by virtue of the statute, untimely if they have not been commenced within one year after the effective date of that statute (see People v Curry, 42 AD2d 514, supra). It should be noted that appellant commenced this proceeding in March, 1972 within one year of the enactment of the Criminal Procedure Law, although it was brought at Special Term rather than in the Appellate Division as required by CPL 460.30.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order reversed, etc.