■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISRAEL PACHECO, Appellant.—Order, Supreme Court, New York County, entered October 10, 1974, denying defendant's *pro se* motion to vacate a sentence imposed on June 15, 1973 so that defendant could be resentenced *nunc pro tunc* to make possible the filing of a timely appeal, unanimously affirmed. On June 15, 1973, following his plea of guilty to manslaughter in the first degree and attempted possession of a weapon as a felony, the defendant was sentenced to concurrent indeterminate terms of imprisonment of 0 to 12 years and 0 to 4 years, respectively. On August 20, 1974, more than 14 months after sentence was imposed, as indicated, the defendant, acting *pro se,* moved the court to "set aside the sentence pursuant to 440.10 CPL in order that defendant, can be resentence, *[sic]* nunc pro tunc, so that he can have the opportunity to submit a timely appeal in his behalf". The defendant asserted in substance that his attorney had promised to file a notice of appeal and had failed to do so. The purpose of his moving papers was to make possible a new sentence on the basis of which a timely appeal could be filed. Interpreting the motion as one to set aside a sentence pursuant to CPL 440.20, the trial court denied the motion on the grounds that the moving papers failed to set forth a genuine appealable issue. (See *People v Lynn,* 28 NY2d 196.) Permission to appeal to this court was granted in a certificate dated November 26, 1974. In *People v Corso* (40 NY2d 578, 580), the Court

of Appeals, in a decision rendered after the defendant's *pro se* motion and the original denial of the motion by the trial court, held explicitly that the exclusive remedy for the relief here sought is that set forth in CPL 460.30. That section provides that upon motion to an intermediate appellate court the defendant may be given an extension of time to file a notice of appeal if his failure to file such a timely notice was due to, *inter alia,* "the improper conduct" of the defendant's attorney. Such a motion, however, must be commenced within one year and 30 days of the judgment of conviction. Even if the court were disposed to treat this appeal as an original motion pursuant to CPL .460.30, and one made as of the time of the filing of the original *pro se* motion in the trial court, the failure to file the motion within the prescribed time precludes granting the relief requested. Accordingly, the order appealed from must be affirmed. Concur—Birns, J. P., Silverman, Evans, Lane and Sandler, JJ.