OPINION OF THE COURT
Burton S. Sherman, J.
This hearing is held pursuant to CPL 410.70 (subd 3) to determine whether the defendant violated two of the conditions of his probation, by drinking excessively and keeping late hours.
The defendant was sentenced in April, 1976 to five years’ probation after pleading guilty to the crime of attempted robbery in the third degree. At that time, pursuant to CPL 410.10, he was furnished with a printed form which contained the conditions of his probation. Condition No. 10 of the form required the defendant to "keep reasonable hours” and Condition No. 13 required him "to refrain from excessive use of alcoholic beverages.”
On December 3, 1977, he was arrested and subsequently indicted for the crimes of attempted sodomy, sexual abuse, burglary and attempted robbery. He was tried and acquitted. He was then charged with the instant probation violations which concededly arose out of incidents leading to the December 3, 1977 arrest and indictment for which he was acquitted. However, while the acquittal may be persuasive, it is not determinative of the issues in this case. For the defendant is not charged with the same crime or any crime, but with a probation violation. Moreover, the standard of proof required for a finding of such violation is preponderance of the credible evidence not guilt beyond a reasonable doubt (CPL 410.70).
On this hearing, therefore, the court must determine by a preponderance of the credible evidence two issues: (1) whether the defendant understood the conditions of his probation and (2) whether he violated these conditions.
*924 As to the first issue, the law is that the court must determine the conditions of probation but such conditions must be sufficiently clear and explicit so that both the defendant and the probation officer understand their meaning (People v Turner, 27 AD2d 141, 145). With respect to this, the court finds that the defendant understood the meaning of the conditions he is charged with violating. English is defendant’s native language. He attended high school for at least some period of time. The transcript of his prior trial testimony stipulated into evidence reveals that he clearly understood the questions propounded by his counsel and responded in an intelligent manner. From this the court concludes that the defendant was capable of understanding the terms of his probation and did, in fact, understand their meaning.
As to the second issue, namely, whether the defendant violated two of the conditions of his probation, the court finds as follows: The defendant went drinking on the evening of December 3, 1977, and continued to do so until the early hours of December 4, 1977. By his own count, he consumed during that time at least one-half pint of Bacardi rum and coke followed by four or five more Bacardis and tonic in a 45-minute period, further followed by at least five to seven beers, and perhaps more thereafter. He admitted on trial and to his probation officer that he was drunk when found in a dormitory of Fordham University in the early hours of the morning. The court concludes that the defendant violated the terms of his probation by failing to refrain from excessive use of alcoholic beverages and by keeping unreasonable hours (cf. People v Lynch, 31 AD2d 753).
While the issues in this case were readily resolvable, the wording of the written conditions of probation furnished to defendants pursuant to CPL 410.10, may be a cause for concern in the future. For while it is required that the conditions of probation be clear and explicit (People v Turner, supra), printed Form "SC Crim 19” which contains the conditions is written in a manner that is clearly beyond the comprehension of many defendants. For example, two of the conditions are: "Refrain from consorting with disreputable persons” and "Refrain from frequenting unlawful or disreputable places.” Not only is this language ornate but imprecise.
The court appreciates the Department of Probation’s need for broad and general conditions of supervision. However, this need is not irreconcilable with the requirement of explicitness *925 and clarity. Nor does it create insurmountable drafting problems. For example, instead of stating, "Refrain from the excessive use of alcohol”, why not simply say, "Do not drink too much” or "do not get drunk.” While the change would not cure all ambiguities, at least it would make it somewhat easier for defendants to understand the terms of probation and make it somewhat easier for courts to determine whether there has been a violation.
A new, plain English law (General Obligations Law, § 5-702) has recently been enacted with respect to residential leases and consumer contracts. Many of the same considerations which led to the enactment of this law are applicable here. It is urged that the language of the standard conditions of probation as found in Form "SC Grim 19” be reviewed and revised.