■ In the Matter of THOMAS G. WALTHER, Petitioner, v JAMES MELTON, as Commissioner of the Department of Motor Vehicles of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of Motor Vehicles which revoked petitioner's driver's license pursuant to section 1194 of the Vehicle and Traffic Law. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. The determination of the commissioner is supported by substantial evidence on the record (see, e.g., *Snyder v Melton,* 60 AD2d 575). Under the circumstances here, it was not an abuse of discretion for the examiner to have refused to grant an adjournment. Mollen, P. J., Damiani, Lazer and Margett, JJ., concur.

■ In the Matter of ANN WENGER, Respondent-Appellant, v LOUIS WENGER, Appellant-Respondent.—In a proceeding, *inter alia,* to hold Louis Wenger in contempt of court for his willful failure to make support payments, the parties cross-appeal from an order of the Family Court, Suffolk County, dated November 24, 1978, which, *inter alia,* granted Louis Wenger a setoff of $18,105 against arrearages. Louis Wenger has withdrawn his appeal. On the cross appeal by Ann Wenger, order affirmed insofar as appealed from, without costs or disbursements. The record amply supports the determination of the Family Court that petitioner consented to the manner in which Louis Wenger met his support obligations. A setoff against arrearages was therefore proper. Mollen, P. J., Titone, O'Connor, Cohalan and Margett, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent-Appellant, v ALFRED A. ARGENTINE, Appellant-Respondent.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered March 18, 1964 (as amended on September 25, 1964) convicting him of forgery in the second degree (two counts) and grand larceny in the second degree, upon a jury verdict, and sentencing him, as a prior felony offender, to an indeterminate term of imprisonment of from 10 to 20 years on each of the forgery counts and a term of imprisonment of from 2½ to 10 years on the grand larceny count, with all sentences to run concurrently. Appeal by the People from an order of the County Court, Nassau County, dated March 31, 1977, vacating the defendant's March 1964 sentence and resentencing him *nunc pro tunc* as of March 18, 1974, "for the sole purpose of restarting the time within which he may appeal the severity of the sentence imposed". Order dated March 31, 1977 reversed, on the law, and defendant's appeal dismissed. The County Court was without power to resentence the defendant *nunc pro tunc,* under the guise of a CPL 440.20 motion, for the sole purpose of permitting him to take a limited *de novo* appeal from his 1964 judgment of conviction, the appeal from which judgment had been previously dismissed by this court on October 3, 1966 for failure to perfect and the reinstatement of which had been subsequently denied in orders dated November 23, 1966 and April 24, 1975. Hopkins, J. P., Titone, Gulotta and Cohalan, JJ., concur.