George **DUNLEAVY**, Petitioner,

v.

**Harold J. SMITH, Superintendent, Attica Correctional Facility, Respondent.**

**No. 79 Civ. 4158 (JMC).**

United States District Court,
S. D. New York.

April 9, 1980.

George Dunleavy, petitioner pro se.

Robert Abrams, Atty. Gen. of the State of New York, New York City by Paul E. Milbauer, Deputy Asst. Atty. Gen., New York City, for respondent.

## MEMORANDUM DECISION

CANNELLA, District Judge:

Petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, is denied.

### FACTS

The facts underlying this petition, which are undisputed, have been detailed in this Court's Memorandum Decision denying petitioner's earlier petition for a writ of habeas corpus, *Dunleavy v. Smith*, 78 Civ. 5071 (JMC) (S.D.N.Y. March 7, 1979):

On April 22, 1974, petitioner was sentenced by the New York County Supreme Court to concurrent terms of imprisonment of up to 20 years, for attempted murder, 15 years for assault, and 7 years for possession of a weapon, and was thereupon remanded to Mattewan State Hospital for execution of sentence.

In 1975, petitioner escaped from Mattewan. He was subsequently captured, tried and convicted of escape. On October 27, 1976, petitioner was sentenced by the Dutchess County Court to a term of imprisonment of 2½ to 5 years for this offense.

Petitioner *pro se* appealed the escape conviction to the Appellate Division of the New York Supreme Court and in May 1977, while the appeal from his first escape conviction was *sub judice*, petitioner escaped again. Thereupon, the People moved to dismiss the pending appeal "on the ground that appellant has escaped from custody and is not available to obey the mandate of the court and that he has failed to diligently prosecute the appeal." The Appellate Division granted the motion and dismissed the appeal on June 23, 1977, stating: "It appears that the appellant has fled the jurisdiction of the court."

*Id.* at 1–2.

After petitioner's subsequent recapture and indictment for the May 1977 escape, he moved to reinstate his appeal in the Appellate Division, but the motion was denied. Petitioner was then tried for the escape and was acquitted on the ground of mental disease or defect. Petitioner then moved for reargument of the Appellate Division's refusal to reinstate his appeal, but that motion, too, was denied.

Thereafter, petitioner filed in this Court for a writ of habeas corpus, on the ground that he had been unconstitutionally deprived of his right to appeal under state law. The respondent opposed the petition on the ground that petitioner had failed to exhaust state remedies, in that he had "failed to appeal the dismissal of his appeal,

the denial of his motion for reinstatement, and the denial of his motion for reargument by the Appellate Division to the New York Court of Appeals." Respondent's Memorandum at 5, *Dunleavy v. Smith*, No. 78 Civ. 5071 (JMC) (S.D.N.Y. filed Jan. 19, 1979). The Court agreed, and dismissed the petition. Memorandum Decision, *Dunleavy v. Smith*, No. 78 Civ. 5071 (JMC) (S.D.N.Y. filed Mar. 9, 1979).

Petitioner then sought leave to appeal to the New York Court of Appeals. He received the following reply on June 18, 1979:

Dear Mr. Dunleavy:

Chief Judge Cooke has asked me to reply to your communication of May 13, 1979 by which you seek leave to appeal to the Court of Appeals from the order of the Appellate Division, Second Department dated May 8, 1978 which denied your motion to vacate the order of that court dated June 23, 1977 which had dismissed your appeal from a judgment of County Court, Dutchess County, dated October 27, 1976 and from the order of the Appellate Division, Second Department dated June 29, 1978 denying your motion to reargue the motion decision of May 8, 1978.

The Chief Judge has asked me to inform you that, under the applicable provisions of the Criminal Procedure Law (§§ 440.10, 440.20, 450.15, 450.90, 460.10, 460.15, 460.20), the orders are not appealable to the Court of Appeals.

Very truly yours,

/S/

Joseph W. Bellacosa
[Clerk of the court of Appeals]

Petition for Writ of Habeas Corpus, Exhibit B, No. 79 Civ. 4158 (JMC) (filed Aug. 9, 1979).

Petitioner then instituted the instant habeas application. In opposition, respondent submitted a memorandum arguing again that petitioner had failed to exhaust state remedies. Respondent's entire argument on this point consisted of the following sentence:

Petitioner has failed to appeal the dismissal of his appeal, the denial of his motion for reinstatement, and the denial of his motion for reargument by the Appellate Division to the New York Court of Appeals.

Respondent's Memorandum in Opposition at 5 (filed Oct. 5, 1979).

The Court thereafter ordered the respondent to submit a more detailed brief on the issue of exhaustion of remedies, and solicited the respondent's position on the issue of availability of coram nobis or other post-judgment relief. Order, No. 79 Civ. 4158 (JMC) (filed Nov. 20, 1979). For the respondent's benefit, the Court pointed out the somewhat contradictory holdings of the New York Court of Appeals on the coram nobis issue.[1]

On December 14, the respondent submitted a supplemental Memorandum of Law, which fails to address the coram nobis issue except for a brief recitation of the statute, N.Y.Crim.Proc.Law § 440.10 (McKinney 1971). Respondent's Memorandum does, however, raise two other arguments: *First*, it argues that the June 23, 1977 order of the Appellate Division dismissing petitioner's appeal was appealable pursuant to section 460.70 of the Criminal Procedure Law.[2] *Second*, it suggests that petitioner had not presented his federal constitutional claims to the Appellate Division in his motions to reinstate his appeal and to reargue. This is an apparent reference to the requirement of *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971), that a habeas petitioner must have presented the state courts with precisely the same claims he urges in his

---

1. *Compare People v. Montgomery*, 24 N.Y.2d 130, 299 N.Y.S.2d 156, 247 N.E.2d 130 (1969); *People v. Lampkins*, 21 N.Y.2d 138, 286 N.Y.S.2d 844, 233 N.E.2d 849 (1967) *with People v. Corso*, 40 N.Y.2d 578, 388 N.Y.S.2d 886, 357 N.E.2d 357 (1976). The inconsistency is attributable to the passage of the New York Criminal Procedure Law in 1970.

2. This may have been a typographical error, since section 470.60 appears to be more applicable. *See infra.*

petition. In this circuit, this requirement has been construed "rather narrowly." *Johnson v. Metz*, 609 F.2d 1052 at 1054 (2d Cir. 1979); *see, e. g., Gayle v. LeFevre*, 613 F.2d 21 (2d Cir. 1980). The respondent stated, however, that it did not possess the papers pertaining to petitioner's motion to the Appellate Division, and, consequently, it asked this Court to defer its decision on the petition until such papers were obtained and submitted.

To this day, the Court has received nothing further from the respondent. It therefore deems the defense based upon *Picard, supra*, to have been abandoned.

### DISCUSSION

For reasons that it need not elaborate upon at the present time, the Court finds that there is no relief available to the respondent under section 440.10. One avenue that may still be open is a motion for an extension of time to file an appeal in the Appellate Division pursuant to section 460.-30 of the Criminal Procedure Law (McKinney Supp.1979–1980) (as amended 1977); *see People v. Thomas*, 47 N.Y.2d 37, 416 N.Y.S.2d 573, 389 N.E.2d 1094 (1979); *People v. Corso*, 40 N.Y.2d 578, 579–80, 388 N.Y.S.2d 886, 889, 357 N.E.2d 357, 359 (1976).

In any event, the respondent's argument that petitioner has failed to appeal the June 23, 1977 order of the Appellate Division must prevail. The June 18, 1979 letter to petitioner from the Clerk of the Court of Appeals suggests that petitioner made no attempt to appeal this order. Such an order is appealable under section 470.60 of the Criminal Procedure Law,[3] provided that the proper procedures are followed. Although it would appear that the time for taking such an appeal has expired,[4] there remains the possibility that, upon a proper showing, the Court of Appeals may grant the petitioner an extension of time pursuant to N.Y.Crim.Proc. Law § 460.30 (McKinney Supp.1979–1980); *see People v. Thomas, supra*. This Court cannot conclude, therefore, that the petitioner has exhausted state remedies.

### CONCLUSION

Although the Court is somewhat reluctant to send the petitioner back to the state courts whose complicated procedures seem to have confounded him at every step, it believes that it must do so in order to afford the state courts the first opportunity to consider petitioner's serious claims, which

---

**3.** *Subdivision 3 of section 470.60 provides:*

Provided that a certificate granting leave to appeal is issued pursuant to this subdivision, an appeal may be taken, in the manner prescribed in subdivision four of section 460.10, to the court of appeals from an order of an intermediate appellate court dismissing an appeal thereto. Such appeal may be based either upon the ground that the dismissal was invalid as a matter of law or upon the ground that it constituted an abuse of discretion. A certificate granting leave to appeal from such an order of dismissal may be issued only by a judge of the court of appeals upon an application made in the manner prescribed in paragraph (b) of subdivision three of section 460.20. Upon such an appeal, the court of appeals must either affirm or reverse the intermediate appellate court order.

N.Y.Crim.Proc. Law § 470.60(3) (McKinney 1971). The reference to subdivision four of section 460.10 appears to be an error, since that subdivision governs appeals "by a defendant to an intermediate appellate court by permission," *id.* § 460.10(4), whereas subdivision five governs appeals "to the court of appeals

from an order of an intermediate appellate court," *id.* § 460.10(5) (McKinney Supp.1979–1980) (as amended 1977).

Paragraph (b) of subdivision three of section 460.20 provides:

An application seeking such a certificate from a judge of the court of appeals must be made to the chief judge of such court by submission thereof, either either in writing or first orally and then in writing, to the clerk of the court of appeals. The chief judge must then designate a judge of such court to determine the application. The clerk must then notify the respondent of the application and must inform both parties of such designation.

*Id.* § 460.20(3)(b) (McKinney 1971).

**4.** *Section 460.10(5) of the Criminal Procedure Law requires the appellant to apply for a certificate granting leave to appeal to the Court of Appeals "[w]ithin thirty days after service upon the appellant of a copy of the order sought to be appealed."* N.Y.Crim.Proc.Law § 460.10(5) (McKinney Supp.1979–1980) (as amended 1977).

**18**

are of both federal and state constitutional magnitude. *See Picard v. Connor, supra.* Accordingly, the petition for a writ of habeas corpus is dismissed for failure to exhaust state remedies, 28 U.S.C. § 2254(b), without prejudice to renewal upon a showing:

(1) that petitioner has sought leave to appeal to the New York Court of Appeals, pursuant to N.Y.Crim. Proc.Law § 470.60(3) (McKinney 1971), in accordance with the procedures prescribed in *id.* §§ 460.10(5), 460.20, from the Appellate Division's order of June 23, 1977, dismissing his appeal from his conviction; and, if necessary,

(2) that petitioner has sought an extension of time for taking such an appeal pursuant to N.Y.Crim.Proc.Law § 460.30 (McKinney Supp.1979–1980) (as amended 1977).

SO ORDERED.