OPINION OF THE COURT

Per Curiam.

Appeal from judgment of conviction rendered October 12, 1976 (Wingate, J.) dismissed. Order dated January 19, 1978 (Spodek, J.) affirmed.
Defendant was convicted on October 12, 1976, of violating New York City’s Noise Code (New York City Administrative Code, § 1403.3-3.01) and sentenced to a conditional discharge. His discharge was revoked on January 19, 1978 and a fine of $75 was substituted in its place. Defendant appeals from both the underlying judgment of conviction and from the order revoking his conditional discharge.
As to the conviction, we find defendant’s appeal untimely. Defendant’s notice of appeal was filed in February, 1978, well past the 30-day limit for taking appeals spelled out in CPL 460.10 (subd 1, par [a]). He is, therefore, time barred from pursing an appeal on that conviction.
Nor does People v Montgomery (24 NY2d 130) offer the defendant any relief. The holding of that case has been codified in CPL 460.30 (subd 1) (People v Corso, 40 NY2d 578).
That section still requires, however, that an application for a late appeal must be made within one year from the 30-day period otherwise provided for the taking of an appeal. No trespass beyond this time line is permitted (People v Corso, supra), Defendant’s appeal of his 1976 conviction must therefore fall.
We also find without merit defendant’s challenge to the revocation of his conditional discharge. We disagree with the contention that the conditions of Judge Wingate’s sentence— "defendant to maintain his music at reasonable level” — was too vague a standard to follow and hence violates the void for *541 vagueness prohibition embodied in the due process clause of the United States Constitution. As pointed out in People v Cruz (48 NY2d 419, 424) "the Constitution only requires reasonable precision,” it does not "impose 'impossible standards’ ”. So long as the statute employs terms having "meaning 'long recognized in law and life’ ” (p 428), those terms will survive a void for vagueness challenge.
Beyond doubt, Judge Wingate’s directive that defendant "maintain his music at reasonable levels” was one that was readily comprehensible to a person of average intelligence. "Loudness”, like "intoxication” considered in People v Cruz, is a term commonly used and readily understandable and, therefore, fits comfortably within the boundaries of the due process clause (see, e.g., People v Sorge, 96 Misc 2d 922 [term of probation calling on defendant to keep "reasonable hours” upheld]).
Nor do we find that the defendant was denied the "opportunity to be heard” provided in CPL 410.70. While the complainant failed to provide the exact dates defendant violated the conditions of his sentence, she was reasonably specific as to the time period involved. Defendant, for his part, denied that he had ever played loudly during the one-year term of his conditional discharge.
Bearing in mind that in a conditional discharge revocation proceeding the sufficiency of proof need not approach that required in a criminal prosecution (cf. Morrissey v Brewer, 408 US 471, 489; People v Valle, 7 Misc 2d 125), defendant was not fatally handicapped in refuting the charges. The violations alleged were of a continuing nature and the dates involved while not exactly pinpointed were sufficiently supplied to satisfy the less rigorous evidentiary demands applicable in revocation proceedings.
Concur: Hughes, J. P., Riccobono and Asch, JJ.