■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY DUMAS, Appellant.—Appeal by the defendant, by permission, from an order of the Supreme Court, Queens County (Golia, J.), dated May 2, 1988, which, after a hearing, denied his motion, denominated as one pursuant to CPL 440.10 (1) (h), for vacatur of a judgment of conviction of the same court, rendered May 27, 1983, and for resentencing thereon nunc pro tunc.

Ordered that the order is affirmed.

The defendant, a second felony offender who from the outset has acknowledged that at his 1983 sentencing, *inter alia,* for murder in the second degree, he was advised by the court clerk of his right to appeal to this court within 30 days, brought the present motion for resentencing to start anew the time within which to take an appeal, after his assigned trial counsel allegedly breached a promise *(cf.,* 22 NYCRR 671.3) to file a notice of appeal. Although the motion was denominated as one pursuant to CPL 440.10, the defendant made no claim or showing of prejudice because of the breach *(see, Strickland v Washington,* 466 US 688; *People v Norris,* 108 AD2d 760) and his motion is in fact a *Montgomery* application *(see, People v Montgomery,* 24 NY2d 130; *see also, People v Corso,* 40 NY2d 578; *cf., People v Thomas,* 47 NY2d 37) governed by CPL 460.30 *(see, People v Corso, supra).* Inasmuch as we previously denied the defendant's motion pursuant to CPL 460.30, made almost four years after his conviction, the Supreme Court was without authority to grant the requested relief, and the motion was properly denied *(see, People v Corso, supra; see also, People v Argentine,* 73 AD2d 649). We further note that the hearing conducted on the defendant's motion was unnecessary *(cf., People v Corso, supra).* Sullivan, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.