■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE LOCKWOOD, Appellant.—Order, Supreme Court, Bronx County (Burton B. Roberts, J.), entered on or about October 18, 1988, denying defendant's motion, pursuant to CPL 440.10, to vacate a judgment of Supreme Court, Bronx County (Howard Goldfluss, J.), rendered September 8, 1978, convicting him, upon his plea of guilty, of attempted robbery in the first degree and sentencing him to time served, unanimously affirmed.

In his CPL 440.10 motion defendant alleged that assigned counsel's failure to timely file a notice of appeal from the 1978 judgment of conviction deprived him of effective assistance of counsel. Accordingly, he sought, pursuant to *People v Callaway* (24 NY2d 127), a hearing to determine the truthfulness of his allegation that counsel led him to believe that an appeal would be taken and that he reasonably relied upon that assurance, only to have his time within which to appeal lapse. The appropriate remedy, if it could be said that defendant had in fact been induced by counsel's representation to allow his time to take an appeal to expire, is for defendant to be resentenced nunc pro tunc upon the previous finding of guilt so as to afford him an opportunity of prosecuting and perfecting an appeal, since the time for taking such appeal would date from the rendition of the new judgment. *(Supra,* at 129.)

Like *People v Montgomery* (24 NY2d 130), also relied upon by defendant, the relief afforded by *Callaway (supra)* has been codified in CPL 460.30 (1) (a), which provides that defendant's time to file a notice of appeal may be extended due to the improper conduct of his attorney. *(See, People v Corso,* 40 NY2d 578, 580.) Since there is a one-year-and-30-day limitation period from the date of judgment within which to seek such relief pursuant to CPL 460.30, defendant is statutorily precluded from obtaining the relief some 10 years after the date of conviction. *(People v Corso, supra,* at 581.) Inasmuch as defendant has failed to show that he made any effort to take an appeal during this period, his motion to vacate his judgment and sentence was properly denied, although for different reasons than those stated by the motion court. Concur—Sullivan, J. P., Carro, Milonas, Rosenberger and Smith, JJ.