■ In the Matter of JERRY CONNER, Appellant, v THE PEOPLE OF THE STATE OF NEW YORK, Respondent.—In a proceeding pursuant to CPLR article 78, the petitioner appeals from a judgment of the Supreme Court, Kings County (Coffinas, J.), entered February 6, 1986, which denied his application to resentence him in connection with a prior judgment of the same court rendered June 7, 1984, which imposed sentence upon his plea of guilty under indictment No. 6704/82 to attempted burglary in the second degree.

Ordered that the judgment is modified by adding thereto a provision dismissing the petition; as so modified, the judgment is affirmed, without costs or disbursements.

The correct procedure for the petitioner to challenge the validity of the sentence imposed on June 7, 1984, was to seek appellate review in this court or to move before the trial court for resentencing pursuant to CPL 440.20. There is no basis for the petitioner to seek such relief in a collateral proceeding in the nature of mandamus (see, Matter of State of New York v King, 36 NY2d 59, 63). Accordingly, the Supreme Court acted properly by summarily denying the application. However, a decretal paragraph must be added to the judgment dismissing the petition (see, CPLR 7806).

We also note that the petitioner's claim that he was not advised of his right to appeal is an insufficient basis to warrant resentencing absent a showing that he had a genuine appealable issue which he might have raised had he been so advised (see, People v Melton, 35 NY2d 327; People v Lynn, 28 NY2d 196). A review of the record herein, including the May 17, 1984, plea minutes attached to the People's brief, indicate that the petitioner was sentenced in accordance with a negotiated plea which reduced his sentence exposure. There would have been no basis for him to raise the alleged excessiveness of such sentence on appeal (see, People v Kazepis, 101 AD2d 816; People v Melton, supra). Bracken, J. P., Harwood, O'Brien and Ritter, JJ., concur.