■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON JEFFRIES, Appellant.—Mercure, J. Appeal, by permission, from an order of the County Court of Broome County (Monserrate, J.), entered March 27, 1989, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of manslaughter in the first degree, without a hearing.

In August 1987, defendant pleaded guilty to manslaughter in the first degree in satisfaction of an indictment charging murder in the second degree. He was sentenced, as promised, to an indeterminate term of imprisonment of 8⅓ to 25 years. Defendant signed a written document indicating that he had been advised of his right to appeal and that he did not wish to appeal his conviction and sentence. No timely appeal was taken from the judgment of conviction. On November 13, 1987, this court denied defendant's request to file a late notice of appeal. Thereafter, in March 1989 County Court denied defendant's motion to vacate the judgment of conviction, without a hearing. Permission to appeal was granted pursuant to CPL 460.15.

We affirm. Defendant argues that County Court should have conducted a hearing to determine whether defendant fully understood and knowingly waived his right to appeal the sentence as well as the conviction. We disagree. Defendant's CPL article 440 motion included no allegations that were not part of the original court record. In addition, as noted by County Court, the record demonstrates that defendant had been adequately advised of his right to appeal both his conviction and sentence and had chosen not to exercise that right. Nor is there any support in the record for defendant's claim that his mental state interfered with his ability either to understand his right to appeal or to exercise that right. Under these circumstances, defendant should not be allowed to use

CPL 440.10 as a substitute for appellate review *(see, People v Cooks,* 67 NY2d 100; *People v Skinner,* 154 AD2d 216, *lv denied* 76 NY2d 796).

We also note that defendant was sentenced in accordance with a negotiated plea which reduced his sentence exposure. Accordingly, defendant's claim that he was not advised of his right to appeal the sentence alone provides an insufficient basis for relief. Defendant has not demonstrated "that he had a genuine appealable issue which he might have raised had he been so advised" *(Matter of Conner v People,* 168 AD2d 617; *see, People v Melton,* 35 NY2d 327; *People v Lynn,* 28 NY2d 196; *People v Carcuro,* 38 AD2d 609).

Mahoney, P. J., Casey and Yesawich Jr., concur. Ordered that the order is affirmed.