People v Devoe (2022 NY Slip Op 04591)

People v Devoe

2022 NY Slip Op 04591

Decided on July 14, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 14, 2022

113099
[*1]The People of the State of New York, Respondent,
v
Kristin Devoe, Appellant.

Calendar Date:May 23, 2022

Before:Egan Jr., J.P., Lynch, Pritzker, Ceresia and Fisher, JJ.

Mark Schneider, Plattsburgh, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Vivian Y. Joo of counsel), for respondent.

Ceresia, J.
Appeal from a judgment of the County Court of Clinton County (Favreau, J.), rendered August 5, 2021, which revoked defendant's probation and imposed a sentence of imprisonment.
In 2019, defendant pleaded guilty to criminal sale of a controlled substance in the third degree and conspiracy in the fourth degree and received a split sentence of six months in jail and five years of probation. Thereafter, in 2021, defendant was charged with violating several terms of her probation and, following a hearing, was found to have committed each of the charged violations. As a result, County Court revoked defendant's probation and resentenced her to a prison term of two years followed by two years of postrelease supervision on her conviction for criminal sale of a controlled substance in the third degree and a concurrent prison term of one to three years on her conviction for conspiracy in the fourth degree. Defendant appeals.
First, defendant maintains that one of the violations alleged in the petition was not sufficiently specific and was supported solely by hearsay. We disagree. The violation in question pertained to defendant having had contact with a prohibited individual by cohabitating with him and becoming pregnant with his child. According to the petition, defendant told her probation officer on January 9, 2020, that she had met this individual, and the officer, in turn, advised defendant that she was not allowed to have any contact with him. The petition further alleged that the officer learned on March 9, 2020, that defendant and this same individual were living together and expecting a child. These allegations sufficiently set forth "'a reasonable description of the time, place and manner in which the violation occurred'" (People v Johnson, 173 AD3d 1446, 1447 [2019], quoting CPL 410.70 [2]; see People v Stefanik, 103 Misc 2d 539, 541 [App Term, 1st Dept 1980]). Further, the proof adduced at the hearing supporting this charge fell under the party admission exception to the hearsay rule, as defendant's probation officer testified that defendant admitted to the prohibited conduct (see People v Brinkley, 174 AD3d 1159, 1165-1166 [2019], lv denied 34 NY3d 979 [2019]; People v Hare, 124 AD3d 1148, 1148 [2015], lv denied 26 NY3d 929 [2015]).
Defendant next challenges the severity of her resentence based upon the nonviolent nature of the underlyingcrimes, the circumstances of the violations at issue and the factthat she requires mental health and drug treatment services. This Court may modify a sentence that it finds, "though legal, was unduly harsh or severe" (CPL 470.15 [6] [b]). It is true that defendant's testimony at the hearing demonstrated that she had made some progress while on probation by addressing her substance abuse issues in treatment and regaining custody of her children. Nevertheless, the hearing evidence also established that defendant committed numerous violations of the terms of her probation over an approximate 17[*2]-month period, including failing to electronically "check in" with her probation officer on numerous occasions, missing multiple probation appointments, making only a small fraction of the required payments toward her court-ordered financial obligations and lying to her probation officer. In light of the foregoing, and noting thatthe sentences imposed for both convictions wereat the low end of the authorized terms of imprisonment (see Penal Law §§ 70.00 [2] [e], [3] [b]; 70.70 [2] [a] [i])and were ordered to be served concurrently, we find that the resentence was neither harsh nor severe (see People v Morgan, 144 AD3d 1337, 1337 [2016]; People v Woodard, 139 AD3d 1238, 1239 [2016], lv denied 28 NY3d 939 [2016]; People v Coupe, 124 AD3d 1141, 1143 [2015]).
Finally, with respect to defendant's argument that the recent amendments to Executive Law § 259-i (as amended by L 2021, ch 427) should invalidate the resentence, we reject that contention. Although the amendments in question disallow incarceration for certain technical parole violations,parole and probation are two wholly distinct concepts governed by separate statutory procedures, and the Legislature has not seen fit to similarly amend the statutory scheme pertaining to probation.
Defendant's remaining contentions, to the extent not specifically addressed herein, have been considered and are without merit.
Egan Jr., J.P., Lynch, Pritzker and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.