THE PEOPLE OF THE STATE OF NEW YORK ex rel. BENJAMIN GLASS, Appellant, v. THOMAS H. MURPHY, as Warden of Clinton Prison, Dannemora, N. Y., Respondent.—Appeal from an order made at a Trial Term of the Supreme Court, Clinton county, dismissing relator's writ of habeas corpus. An indictment was found against petitioner in New York county, charging in the first count thereof that he was guilty of the crime of assault in the first degree in that he did make an assault against one Jack Lasher with a loaded pistol which he did then and there discharge with intent to kill said Lasher; the second count thereof charging him with the crime of assault in the second degree in that he did make an assault upon the said Jack Lasher with a certain loaded pistol with intent to produce grievous bodily harm. Other similar indictments were returned against him, also one charging him with criminally carrying a pistol concealed upon his person. Thereafter trial upon the indictment for assault was commenced and the witness Lasher was sworn and testified that on the occasion charged the petitioner shot him, the bullet penetrating both legs. Before the trial was completed and before any witnesses were sworn in behalf of the defendant, the record shows that the following occurred: " The defendant withdraws his plea of Not Guilty and Pleads Guilty to Assault in the Second Degree to cover two indictments." There also appears in the minutes the following: " On March 15, 1933 in Part II, defendant tried, a juror withdrawn, and the defendant pleads guilty to assault in the second degree, the plea to cover four indictments." Later the court imposed sentence under the indictment for assault in the second degree and added to said sentence the additional penalty required by section 1944 of the Penal Law upon the ground that at the time of the commission of the assault defendant was armed with a dangerous weapon. Petitioner now asserts that the court had no jurisdiction to impose the additional penalty because he had denied that he was armed with a dangerous weapon and had not been afforded an opportunity to prove that he was not armed, and that the court should have conducted a proceeding and taken proof upon that question. His petition, however, states that he pleaded guilty to the indictment of assault in the second degree. He could not plead guilty except to a specific indictment. (See People ex rel. Battista v. Christian, 249 N. Y. 314.) It thus appears from the proof taken during his trial and from the indictment to which he pleaded guilty that he was armed with a dangerous weapon at the time the assault was committed. There was, therefore, sufficient basis for the

imposition of the additional penalty. Order unanimously affirmed. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.