THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANK CODOLUTO, Appellant, v. WALTER B. MARTIN, as Warden of Clinton Prison, Dannemora, New York, Respondent.— Relator has appealed from an order of the county judge of Clinton county, entered in the office of the clerk of said county on the 22d day of March, 1941, dismissing a writ of habeas corpus and directing that he be remanded to the custody of the warden of Clinton Prison. On July 10, 1928, the grand jury of Nassau county returned four indictments numbered from 4690 to 4693, inclusive,

against relator and another charging them with the crime of robbery in the first degree while armed with dangerous weapons and also with the crime of grand larceny in the first degree. On July 17, 1928, relator entered a plea of guilty to each of the four indictments charging him with the crime of robbery in the first degree while armed with a weapon. On July 19, 1928, he received a suspended sentence on the robbery plea under indictment 4690 but received an additional sentence of five to ten years under section 1944 of the Penal Law because armed with a dangerous weapon, this sentence to commence at the expiration of the sentence imposed under indictment 4691. Under indictment 4691 he was sentenced on the robbery plea to a term of not less than twenty-five years and not more than fifty years and under section 1944 of the Penal Law he received an additional term of from five to ten years because armed with a dangerous weapon. Under indictment 4692 he received a suspended sentence on the robbery charge but received an additional sentence of five to ten years pursuant to section 1944 to commence at the expiration of the sentence imposed under indictment 4690. Under indictment 4693 he received a suspended sentence on the robbery plea but received an additional sentence of five to ten years pursuant to section 1944 to begin at the expiration of the sentence imposed under indictment 4692. In other words, relator received an indeterminate sentence of twenty-five to fifty years and three suspended sentences under his plea of guilty to robbery and in addition he received four additional five- to ten-year sentences under section 1944 of the Penal Law, the latter sentences to run consecutively. On this application relator contends that the court failed to institute a separate proceeding to determine whether at the time he committed the crime of robbery he was armed with a dangerous weapon. The indictments specifically charged that at the time of the commission of the crime of robbery he was so armed. By pleading guilty to the crime of robbery first degree while armed with a dangerous weapon relator not only admitted his guilt of that crime but he also admitted that at the time of the commission thereof he was armed with a dangerous weapon. In pleading guilty to the indictments he did so to the whole of each of them. He now seeks to raise the issue that he was not armed. He may not now raise that issue in habeas corpus proceedings. The sentences imposed on relator were proper. (*People ex rel. Glass* v. *Murphy*, 246 App. Div. 885; *People ex rel. McCue* v. *Martin*, 261 id. 868.) Order dismissing the writ of habeas corpus unanimously affirmed without costs. Present — Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ.