Paul C. Reuss, J.
The claim herein was duly filed and served on February 24,1961 and has not been assigned. The claimant seeks damages for an assault on him committed by a member of the New York State Police acting within the scope of his duties. The assault occurred at the home of a Justice of the Peace in the Town of Hastings, Oswego County, New York, at about 1:00 a.m. on November 28, 1960. The claimant, together with a young lady companion, had been arrested by a State trooper for minor violations of the Vehicle and Traffic Law, and was arraigned before the Justice of the Peace.
While being so arraigned the claimant became abusive and expressed his opinion of the arrest and arraignment to the *991 arresting officer in blunt Anglo-Saxon words and phrases. The arresting officer, who is no longer a member of the State Police, thereupon struck the claimant a blow in the mouth. This gentleman testified that he used his open hand to strike such blow. The claimant and another witness stated that the trooper used a clenched fist. In any event, it is undisputed that the blow had sufficient force to break the claimant’s jaw and result in the removal of a great number of his teeth. At the time of the assault the claimant was seated in front of the desk of the Justice of the Peace, while various papers were being prepared.
It is the State’s contention that the claimant lunged forward toward the trooper, who then struck him. The claimant and another witness testified that he was seated at all times and did not move from the chair before being struck.
In resolving this question we regard certain facts as significant. A second State trooper who was present testified he did not take the situation very seriously, for at the time in question, he was pacing the room about 15 feet away from the place where the claimant was seated. He indicated he did not feel his services or assistance were required by the arresting trooper. We also note that the claimant was not handcuffed or otherwise restrained.
Affording the State’s witness the most favorable interpretation of the testimony we find that the claimant was “ sassy ”, However, I do not find that he attempted to translate his oral views into physical force. I have heard all the witnesses. I observed their conduct in the courtroom when this claim was heard. (Boyd v. Boyd, 252 N. Y. 422, 429.)
I reject the State’s version of the incident and find that the claimant committed no overt act of hostility which would justify the assault made upon him. Without such overt act words alone, no matter how coarse and abusive, never justify physical assault. (Matter of Levy v. World-Telegram, 255 App. Div. 237; McCombs v. Hegarty, 205 Misc. 937; Curtis v. Kozeluh, 50 N. Y. S. 2d 883.) However, the use of abusive language may be considered in mitigation of damages (Kiff v. Youmans, 86 N. Y. 324, 330; Brown v. State of New York, 24 Misc 2d 358, 365). The State of New York is liable in damages for the assault upon the claimant by the State trooper. (Huff v. State of New York, 271 App. Div. 1040.)
A word as to the Justice of the Peace who was present at the incident. After the claimant was struck, an information was laid before this justice charging the claimant with disorderly conduct. The justice then disqualified himself and appeared as a witness for the People in a proceeding before another justice. *992 The claimant was convicted of disorderly conduct and although an Assistant District Attorney was present to conduct the prosecution no mention was made of the claimant ‘ ‘ lunging ’ ’ forward or his being struck by a State trooper.
Although we may consider the abusive language of the claimant in mitigation of damages we cannot disregard the fact that he was the victim of a brutal assault and he sustained painful as well as serious and permanent injuries, and incurred medical and dental bills as a result thereof.
Upon all the facts I find that claimant has been damaged in the sum of $12,500 and is entitled to an award against the State of New York in said amount.