The People of the State of New York, Plaintiff, *v.* Robert Carignan, Defendant.

County Court, Monroe County, August 13, 1962.

*Robert Carignan,* defendant in person. *John J. Conway, Jr., District Attorney* (*Nicholas P. Varlan* of counsel), for plaintiff.

John P. Lomenzo, J. The defendant herein moves for an order granting a hearing on the question of whether the additional punishment imposed upon him pursuant to section 1944 of the Penal Law at the time of the subject sentence should be revoked and defendant resentenced.

On October 9, 1959 the Grand Jury of the County of Monroe found an indictment against defendant charging him in one count with assault in the first degree, in violation of subdivision 1 of section 240 of the Penal Law, as follows: '' The defendant, on or about July 12, 1959, at the City of Rochester, County of Monroe, New York, feloniously assaulted Edward Potter, by pointing, aiming and discharging a loaded firearm, to wit, a rifle, at the said Edward Potter, with intent to kill him.'' On October 20, 1959, defendant, represented by counsel, entered a plea of guilty to the aforesaid indictment charging in the aforesaid language the crime of assault in the first degree. On November 10, 1959, defendant was sentenced by this court to Attica State Prison for a term of 1 to 5 years with an additional term of 5 to 10 years pursuant to section 1944 of the Penal Law, the sentences being ordered to run consecutively. The contention of the defendant is that he should not have received the addi-

tional punishment under section 1944 since the court did not hold a hearing specifically to determine whether he was armed with a weapon as contemplated by that section.

The court is not required to hold such a hearing. (See *People ex rel. McCue* v. *Martin,* 261 App. Div. 868; *People ex rel. Codoluto* v. *Martin,* 262 App. Div. 934; *People ex rel. Dent* v. *Martin,* 272 App. Div. 864.) Since the defendant herein pleaded guilty to an indictment *specifically charging him with being armed,* no additional hearing was necessary.

The defendant, in support of his contention herein, relies upon *People* v. *Caruso* (249 N. Y. 302) and *People* v. *Krennen* (264 N. Y. 108) which are not applicable here. In the *Caruso* case the defendant pleaded guilty to manslaughter in the first degree, under circumstances which necessitated a hearing to determine whether the defendant at the time of the commission of the homicide was armed with a weapon as contemplated by section 1944 of the Penal Law. The court held at page 306 in the *Caruso* case that: "Where a plea has been taken the fact that the prisoner was armed may not so clearly appear or may be denied. The judge should then conduct an inquiry and take testimony, if necessary." In the *Krennen* case the defendant pleaded guilty to the crime of robbery in the third degree, and the court held there (p. 109): "This amounted to a conviction of robbery while unarmed." (Penal Law, § 2128.)

The court held that in considering the question of increased punishment before imposing sentence a hearing should be conducted "if necessary" (p. 109). A plea of guilty to an indictment charging specifically the commission of a felony while armed with a pistol or any of the weapons or instruments referred to in section 1944 of the Penal Law by the very plea of guilty by defendant constitutes an admission of the fact and renders a hearing unnecessary.

The further contention of the defendant herein that prior to plea he should have been advised, pursuant to the provisions of section 335-b of the Code of Criminal Procedure, of the provisions of section 1944 of the Penal Law, is without merit. Section 335-b deals with the necessity of the court, upon the arraignment of a defendant, to inform him of different or additional punishment upon his conviction or plea of guilty in the action before the court *if such a defendant has previously been convicted of a crime.* There is no statutory requirement requiring a court to inform a defendant concerning the provisions of section 1944 of the Penal Law before the acceptance of a plea of guilty. The application of the defendant herein in all respects is denied.