Harold Fertig, J.
This motion returnable on October 16, 1974, for an order to vacate the judgment entered against the defendant on the fifth day of December, 1969, was referred to this court for determination as the original sentencing Judge.
On February 21, 1975, the defendant and the People agreed to submit the matter for determination, without a hearing, and upon the record before the court. The People submitted their memorandum of law on February 28, 1975. The basis of the defendant’s motion is that he was not represented by counsel at the time of his plea of guilty to the violation of subdivision 2 of section 1192 of the Vehicle and Traffic Law (driving while intoxicated), and that he was not advised of all his rights. The fact that the defendant took almost five years to complain of his conviction is a significant factor which the court must consider (People v Nixon, 21 NY2d 338). In view of the pending similar offense which now results in the defendant being charged with a felony, this delay is particularly significant.
The defendant claims that he was not told that he was subject to a year in jail or to a $500 fine. Since he was actually fined $50 and was not sentenced to any jail sentence, certainly he was not prejudiced by the court’s failure to so inform him, nor did the defendant wish to withdraw his plea after sentence or at any time for almost five years. "It should never be enough to undo a plea because of some omission in inquiry at the time of the plea without a showing of prejudice” (People v Nixon, supra, p 355). The court advised the defendant he was charged with a crime, a misdemeanor, and that that crime was operating a motor vehicle "while in an intoxicated condition and unfit to operate a motor vehicle and was involved in an accident.” He was told that should he plead guilty, there would be an automatic revocation of his license.
The nature of the crime was not such as a lay person might not understand (Matter of Lawrence 29 NY2d 206; People v Seaton, 19 NY2d 404). In any event, the defendant was not lacking in experience having had a prior conviction of "possession of loaded firearms.” He was therefore knowledgeable as to the meaning of a conviction of a crime, having already had a record (People v Nixon, supra).
*741 The defendant specifically claims that he was not informed of the possibility that a second similar conviction within 10 years would result in a felony, and had he known, he would not have pled guilty in 1969. Nowhere in any of the cases cited by the People or the defendant, nor can the court on its own find any authority for the proposition that a Judge must inform a defendant of all possible contingencies which might happen in the future. Such a requirement would place on the court an unrealistic burden. To carry that argument forward would require a court to set forth the possible effects the conviction would have on future sentencing, on possible future probation, and many other possible contingencies, should the defendant ever be convicted again of another crime. The extent of the future contingencies can reach absurd proportions.
It is true that in 1969, before accepting a guilty plea in compliance with section 335-c of the Code of Criminal Procedure, a defendant must have been made aware of the possible increased punishment due to any prior conviction. There was no provision for informing the defendant of any future consequences based on future contingencies, and the court’s admonition as given was all that was required under the statute (People v Blackwood, 44 Misc 2d 942; also, see, People v Carignan, 35 Misc 2d 1039).
This court finds that the defendant understood the consequences of his waiver of counsel and the plea of guilty, and that the court was satisfied that the defendant committed an act which constituted a crime and which would furnish a basis for a plea (People v Serrano, 15 NY2d 304). The record showed that the defendant was involved in an accident and that two chemical analysis tests indicated that he had approximately .22% or .21% alcohol content in his blood. He was not prejudiced by his plea, being subjected to a fine of $50 and the revocation of his license (of which he wás warned). The court exercised sound discretion based upon all the factors before it, and there was no injustice shown to warrant the vacation of the plea (People v Nixon, 21 NY2d 338, supra). The defendant’s motion is denied.