OPINION OF THE COURT
Robert M. Haft, J.
Defendant makes this motion challenging the use of an earlier felony conviction (Indictment No. 4327/76) for purposes of determining his status pursuant to CPL 400.21 and section 70.06 of the Penal Law. He maintains that because he was not informed at the time he entered his earlier guilty plea that should he be convicted of another felony within 10 years of the time of sentence, he would face enhanced punishment as a multiple felony offender, that conviction cannot be here used as a predicate felony.
People v Nixon (21 NY2d 338) and its companion cases, held that while no uniform catechism is required in the acceptance of a guilty plea, the defendant must knowingly and intelligently enter such a plea, being informed of the rights he is giving up thereby.
However, in taking a guilty plea, a court need not inform a defendant of all the collateral consequences of the *438 plea including advice that the plea may in futuro constitute a predicate for enhanced punishment upon a subsequent conviction. Society has a right to expect that a defendant will not commit subsequent crimes (see People v Pray, 50 AD2d 987; People v Bond, 80 Misc 2d 413). Neither the Federal rules nor the American Bar Association’s Standards Relating to the Administration of Criminal Justice require such a warning. The District Court for the Commonwealth of Virginia held in Fee v United States (207 F Supp 674), that being otherwise adequately informed, and understanding his legal situation, a defendant has no ground to challenge his sentence where he was not warned that his plea to a second offense would result in additional punishment if, in the future, he was convicted of a third offense. Moreover, in Weinstein v United States (325 F Supp 597), the court held that a defendant had no right to be advised of increased subsequent sentences at the time of entry of the original plea and further that there was no duty on the court to advise defendant of all possible collateral consequences which might ensue from a plea'of guilty. The commentary to the ABA Standards likewise emphasizes that a warning is not required that a present conviction may be taken into account if at a later date the defendant is convicted of other offenses and then dealt with as a multiple offender. Rather, the warning is necessary only when, assuming past convictions, the defendant’s present plea could result in the imposition of additional punishment.
The defendant relies on two decisions denying the use of a guilty plea as the basis for a predicate felony finding for the failure of the trial court to fully inform the defendant when taking his plea (People v Brown, 67 AD2d 949; People v Sheppard, Indictment No. 2488/79, Supreme Ct., NY County, March 7, 1980). Those cases are easily distinguishable. In Sheppard (supra), the defendant was not informed of any of the constitutional rights he was waiving by his plea of guilty. In Brown, (supra), the Appellate Division found that the trial court did not sufficiently explore the defendant’s knowledge of the consequences and. alternatives to his plea. Neither court grounded its decision exclusively upon a failure of the trial court to advise in respect of the nature of predicate felony punishment.
*439 In the case at bar, the court taking defendant’s plea not only informed the defendant of the rights he was giving up, but also inquired into his knowledge and understanding of the consequences of the plea by assuring itself that he had discussed the plea with his attorney.
On the basis of the foregoing, this court finds that the plea allocution was adequate and that the conviction should not be set aside.