OPINION OF THE COURT
Arthur A. Darrigrand, J.
Defendant’s omnibus motion dated September 4, 1980 is determined as follows:
(1) District Attorney will state with reasonable certainty the time and place of each alleged offense.
(2) A hearing is granted to determine the voluntariness of defendant’s alleged oral statements.
(3) Defendant’s motion to suppress as evidence proof of his previous misdemeanor conviction for operating a motor vehicle under the influence of alcohol is granted.
Defendant has been indicted for operating a motor vehicle under the influnce of alcohol as a felony. Section 1192 of the Vehicle and Traffic Law provides that a person who operates a motor vehicle in violation of subdivision 2 or 3 of that section after having been previously convicted of either of those subdivisions in the preceding 10 years shall *245 be guilty of a felony. Otherwise, a violation of either subdivision is a misdemeanor.
Defendant herein seeks to suppress any evidence as to a prior conviction for operating under the influence of alcohol on the ground that such conviction is constitutionally invalid. A recent decision of the United States Supreme Court, Baldasar v Illinois (446 US 222), is cited as the ground for such relief.
The United States Supreme Court has had many occasions during recent years to consider that part of the Sixth Amendment pertaining to a criminal defendant’s right to counsel. Gideon v Wainwright (372 US 335) established that an indigent defendant charged with a felony is entitled to have counsel appointed at State expense. Later in Argersinger v Hamlin (407 US 25, 37) it was held that “absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial.” At that time the court did not consider Sixth Amendment requirements concerning the right to counsel in cases where no loss of liberty actually resulted.
This question did arise, however, in Scott v Illinois (440 US 367), decided in 1979, wherein an indigent defendant not represented by counsel was convicted of theft and fined $50 after a Bench trial. Scott sought to reverse his conviction on the ground that since he could have been sentenced to imprisonment up to one year he was entitled to assigned counsel at his trial. The court rejected that argument holding that the Sixth and Fourteenth Amendments require only that no indigent criminal defendant be sentenced to a term of imprisonment unless the State has afforded him the right to appointed counsel. Since Scott had not been imprisoned, his constitutional rights were held not to have been violated. For the purpose of appeal in both the State and Federal courts the parties assumed that Scott was an indigent person at the time of his trial.
Shortly thereafter the court was called upon to decide Baldasar v Illinois (446 US 222, supra) which involved the same statute as in Scott v Illinois (supra). Baldasar was *246 convicted of a felony since the statute provided that a second conviction for the same offense could be punished by a prison term in excess of one year. The record indicated that defendant had not been represented by counsel and did not formally waive counsel at the time of his first offense which resulted in no incarceration but probation and a fine. At the trial of the felony charge defense counsel objected to proof of the first conviction on the ground that Baldasar had not been represented by counsel at that time.
By a vote of 5-4 the majority in a Per Curiam order and three concurring opinions held that defendant’s uncounseled misdemeanor conviction could not be used to enhance the punishment for the subsequent offense. The minority contended that the statute making a second offense a felony did not enlarge the sentence but only established a penalty for a second offense. We thus have a situation where an uncounseled conviction may be both valid and invalid depending upon existing circumstances. If it increases the possible punishment for a criminal offense then it is constitutionally invalid for that purpose. Clearly, section 1192 of the Vehicle and Traffic Law provides for possible increased punishment for the second offender by raising the second offense to felony status.
The papers submitted on this motion recite that defendant at the time of his predicate conviction was unemployed and unable financially to retain counsel. The prosecution does not controvert that allegation. It is also not disputed that he appeared in the Town Court without counsel, that he pleaded guilty and was sentenced to a conditional discharge. A copy of the Judge’s docket book for that date has been submitted which refers to defendant’s appearance. The docket contains printed matter which can be checked or marked by the Judge to indicate the action taken. The printed line which reads, “Informed that attorney will be assigned if defendant is financially unable” is not marked in any way nor is there any reference that defendant waived his right to counsel. The proceedings were not recorded and there is no claim that the Judge has any independent recollection of the proceedings. Defendant was entitled to be informed of his right to have counsel appointed if he was *247 financially unable to secure private counsel. It may not be presumed from his plea of guilty that he waived that right.
In the absence of such instruction or a valid waiver, defendant’s uncounseled plea of guilty to the misdemeanor charge is constitutionally invalid for the purpose of raising a second offense to the felony level permitting imposition of a longer term of imprisonment. Proof of the prior offense may not be offered upon trial. Defendant’s motion to suppress is granted.
The clerk of the court will notify counsel as to the time and place of the Huntley hearing.