OPINION OF THE COURT
Irving Goldman, J.
Defendant has been indicted for driving while intoxicated as a felony, he having been previously convicted of driving while intoxicated as a misdemeanor in Justice Court, Town of Dannemora (Kenneth Boissey, J.) on December 11, 1978. His prior conviction is the predicate for the instant felony charge.
 Defendant has moved to dismiss this indictment contending that the recent Supreme Court decision in Baldosar u Illinois (446 US 222) bars his prosecution on the felony since his plea of guilty and subsequent conviction in Justice Court was entered without counsel. The decision in Baldosar holds that an uncounseled conviction may not be *4 used under an enhanced penalty statute to convert a subsequent misdemeanor into a felony with the possibility of a prison sentence. The Per Curiam opinion in Baldasar reveals that although the defendant was not represented by an attorney in the predicate misdemeanor, he did not formally waive his right to counsel. Under Argersinger v. Hamlin (407 US 25), an uncounseled conviction carrying a possible jail sentence is forbidden. However Argersinger does not foreclose a defendant from intelligently waiving his right to counsel particularly if advised of such right and especially if counsel would be provided to him if indigent.
In the instant matter, the defendant’s affidavit simply states that he was not represented by counsel and that no counsel was assigned. There is absent any averment that defendant was not advised of his right to counsel or that he was not advised that counsel would be assigned as an indigent, if so requested; or that counsel having been demanded, his request was refused. The affidavit does not supply the criteria required under Baldasar (supra) and Argersinger (supra).
Accordingly, the motion to dismiss is denied without prejudice to its renewal with the missing material supplied as indicated herein.