OPINION OF THE COURT
Edward M. Horey, J.
The defendant is charged by indictment in the County Court of Cattaraugus County with the crime of driving while intoxicated as a felony in violation of subdivision 5 of section 1192 of the Vehicle and Traffic Law.
That statute provides in relevant part: “5. A violation of subdivisions two, three or four of this section shall be a misdemeanor and shall be punishable by imprisonment in a penitentiary or county jail for not more than one year, or by a fine of not more than five hundred dollars, or by both such fine and imprisonment. A person who operates a vehicle in violation of subdivisions two or three of this section after having been convicted of a violation of subdivision two or three of this section, or of driving while intoxicated, within the preceding ten years, shall be guilty of a felony” (Italics added.)
As a part of an omnibus motion the defendant seeks to suppress any evidence of a prior conviction of driving while intoxicated.
The evidence adduced upon a hearing is that the defendant was previously convicted of driving while intoxicated, as a misdemeanor in the City Court of Olean, New York, on December 22, 1975. The conviction was upon a plea of guilty.
*782 The records of the Olean City Court, maintained by the City Court Judge, concerning the 1975 conviction were introduced into evidence. Such records contain the following relevant statement made by the Presiding Judge, to wit: “Arraigned and advised of rights on 12/22/75”.
To explain the quoted record entry, the Honorable James F. Crowley, Judge of the City Court of Olean, New York, in 1975, and currently the County Judge of Cattaraugus County, disqualified on this motion, was called as a witness. His testimony was that while he recalled advising the defendant of his right to counsel and the right to have counsel assigned as well as the force and effect of a plea of guilty, he was certain that he had not advised the defendant at any time that a subsequent conviction for the same crime would constitute a conviction as a felony. The Judge also was certain that the defendant had waived his right to counsel and that counsel did not at any time appear for the defendant.
The testimony of the defendant corroborated that of the Presiding Judge. The defendant added that the first he learned that the effect of a prior conviction of driving while intoxicated would convert a subsequent conviction for that crime into one for a felony, was during his attendance at “drivers school” when he attempted to secure the return of his operator’s license. He also gave it as his opinion, without objection thereto being made, that he would not have waived counsel had he known of the effect of his original plea of guilty on a subsequent conviction.
In support of defendant’s motion, his counsel cites Baldasar v Illinois (446 US 222) and People v Dorn (105 Misc 2d 244).
In Baldasar v Illinois (supra), the Supreme Court of the United States held that a conviction of a defendant could not be used to enhance the punishment for a second conviction of the same crime when it appeared that the defendant had not been represented by counsel and had not formally waived counsel at the time of the first offense.
In People v Dorn (supra), it was determined that upon an initial conviction for driving while intoxicated, the defendant was not informed by the court of his right to have *783 counsel appointed if he was financially unable to secure private counsel. As a consequence, in proceeding on a subsequent charge of driving while intoxicated, it was held on motion, that evidence of the prior conviction should be suppressed. The net effect of the ruling was that second trial of the defendant should proceed as the first, viz: as a misdemeanor and not as a felony.
In the motion before this court, the People, through the District Attorney, urge that the decisions in People v Dorn (supra) and Baldasar v Illinois (supra) should be distinguished. The distinction urged is for the reason that in both cases the People were not able to prove the waiver of counsel by the defendant, whereas, in the instant case, proof is at hand that the defendant did waive counsel after advice by the court of defendant’s right to counsel and the right to the assignment of counsel if indigent.
This court is of the opinion that this factual difference alone is not decisive of the issue. In the opinion of this court, it is not only necessary that the People prove a waiver of counsel by the defendant, but also that the People prove that the waiver of counsel was made with knowledge and understanding of the consequences thereof. Authority for the view taken by this court is at hand.
In People v Gina M. M. (40 NY2d 595, 596-597, Cooke, J.) it was stated: “When a defendant waives his right to counsel and pleads guilty, there should be a painstaking effort by the trial court to make sure that the accused understands the consequences of the waiver and plea”.
In Chaipis v State Liq. Auth. (44 NY2d 57, 63-64, Breitel, Ch. J.) it was said: “It is a truism that a guilty plea, which waives even many constitutional rights, must be taken only when the defendant has knowledge and understanding of the consequences of the plea (see, e.g., People v Seaton, 19 NY2d 404, 406). If the plea be coerced, or if defendant’s knowledge of its consequences be not explored sufficiently, the plea may be subject to vacation on proper and timely motion (see People v Gina M. M., 40 NY2d 595, 596-597).”
Most recently, in Edwards v Arizona (451 US 477, revg 122 Ariz 206), the Supreme Court, in overturning a convic *784 tion wherein a defendant had been subjected to interrogation after previously exercising his right to counsel, announced as a principle that once the right to counsel had been invoked pursuant to the Fifth Amendment, a waiver of that right could only occur if it constituted a knowing and intelligent relinquishment of that right.
The evidence on the motion before this court reveals that the defendant was not advised that a plea of guilty to the crime of driving while intoxicated would elevate a second conviction of the same crime to the status of a felony. There are practical and substantial consequences that result from the omission. The subsequent felony conviction carries a marked increase of punishment as well as the disabilities and forfeitures which attend a felony conviction.
In the opinion of this court, absent demonstrated knowledge on the part of the defendant, advice of the force and effect of an initial conviction of driving while intoxicated upon a subsequent conviction of the same crime should have been given by the court at the time that counsel was waived and a plea of guilty entered. Such advice, in the mind of this court, is no less significant than advice to a defendant that he has- the right to appointed counsel if financially indigent, or advice that a conviction by a plea of guilty is to be equated to a conviction upon a trial, or advice that a conviction by a plea of guilty will subject the defendant to fine or imprisonment, or both. Concededly, advice of the effect of the first conviction upon a subsequent one was not given and there is no proof that the defendant had independent knowledge of that consequence. Without such advice, or without proof of such knowledge, it is the determination of this court that there could not be and was not here a knowing relinquishment by the defendant of his constitutionally protected rights.
As a consequence, this court holds that the defendant’s plea of guilty upon a waiver of counsel where such advice was omitted is constitutionally invalid for the purpose of raising a second offense to the status of a felony, with attending increased punishment. (Baldasar v Illinois, 446 US 222, supra; People v Dorn, 105 Misc 2d 244, supra; Edwards v Arizona, supra.) This court pointedly makes no *785 ruling on the constitutional validity or invalidity of a waiver of counsel or plea of guilty when such advice is omitted on any score other than that specifically stated.
Accordingly, for the reasons stated, and on the authorities noted, the motion of the defendant is granted.