OPINION OF THE COURT
Hilda G. Schwartz, J.
Defendant Jack Henry Abbott moves for an order resettling the order of attachment dated January 12, 1982.
The defendant Jack Abbott was arrested in September, 1981 and indicted by the New York County Grand Jury in October, 1981 for the crime of murder in the second degree. The indictment alleged that Abbott stabbed Richard Adan to death on July 18, 1981.
On October 26, 1981, plaintiff herein commenced a wrongful death action against the defendant.
Plaintiff moved for an order pursuant to CPLR article 64 appointing a temporary receiver for the royalties and other income of the book “In the Belly of the Beast” written by defendant, on the grounds that the defendant will cause a depletion of the moneys earned therefrom, to the damage of the plaintiff.
*736 In a decision dated December 22, 1981, and order dated January 12,1982, this court granted plaintiff’s application to the extent that plaintiff was awarded the provisional remedy of an attachment.
Defendant seeks to resettle the January 12, 1982 order to the extent of excluding from seizure the reasonable legal fees incurred by the defendant for the defense of his criminal action, and a small amount monthly for defendant’s commissary privileges in prison; directiiig that the attached funds be held in a separate interest-bearing account, and increasing plaintiff’s undertaking from $2,000 to $1,000,000.
Defendant’s attorney, Ivan Fisher, Esq., contends that pursuant to CPLR 6203 his legal fees should not be subject to seizure.
CPLR 6203 provides, in pertinent part:
“Where a plaintiff has delivered an order of attachment to a sheriff, the plaintiff’s rights in a debt owed to the defendant or in an interest of the defendant in personal property against which debt or property a judgment may be enforced, are superior to the extent of the amount of the attachment to the rights of any transferree of the debt or property, except:
“1. a transferree who acquired the debt or property before it was levied upon for fair consideration or without knowledge of the order of attachment”.
However, CPLR 6203 is inapplicable. Mr. Fisher has never “acquired” anything which is the subject of this levy. He is merely a creditor who anticipated payment of his debt from royalties earned by Mr. Abbott’s book.
Under New York law, there are two kinds of attorney’s liens, (1) the general possessory retaining lien established by common law allowing an attorney to keep a client’s papers or assets until his legal fee is paid; and (2) the charging or special lien statutorily established against moneys recovered for a client by the attorney’s efforts in litigation (Matter of Cooper [McCauley], 291 NY 255; 7 NY Jur 2d, Attorneys at Law, § 166).
The general possessory lien does not apply to this case, as Mr. Fisher has no assets belonging to his client in his *737 hands. The second lien — the charging lien — exists only by virtue and under the strict limitation of section 475 of the Judiciary Law. This lien attaches only for services which have been rendered in (1) bringing of an affirmative claim; and (2) the type of action or special proceeding described in section 475 of the Judiciary Law (National Exhibition Co. v Crane, 167 NY 505).
In short, an attorney’s charging lien is a right which vests so that a lawyer who recovers money for his client will not be left uncompensated for his efforts. “It is regarded as an equitable assignment to the attorney of the funds produced by his efforts.” (Spinello v Spinello, 70 Misc 2d 521, 525-526, citing 1 Carmody-Wait 2d, NY Prac, § 3:144.) “And, as to the fund resulting from the attorney’s work, the attorney’s lien enjoys a paramount priority over other claims.” (Spinello v Spinello, supra, p 526.)
Mr. Fisher has not produced the fund over which he is attempting to assert a lien. Therefore, he has no lien on those funds. All of the cases cited by him in his reply affirmation are cases that deal with charging liens. He does not have a charging lien. He is a general creditor of the defendant with no greater priority than any other creditor.
Mr. Fisher contends that plaintiff, in an affidavit in support of the application for an order of attachment, conceded that defendant’s legal fees be excluded from attachment. The portion of the affidavit to which Mr. Fisher refers, states: “That all monies earned by the Defendant be paid to a receiver, and that he or she be authorized to pay from such funds all reasonable and necessary expenses.of the Defendant, including legal fees”.
That portion of the affidavit does not, however, establish the priority of defendant’s claims.
Defendant has established no basis for excluding money for commissary privileges from the attached funds.
There exists no reason to increase the amount of plaintiff’s undertaking.
Plaintiff consents to a modification of the order to the extent only that the attached fund be held by the Sheriff in a separate interest-bearing account.
*738 The motion is granted to the extent that the order of this court dated January 12,1982 is modified to the extent only that the attached fund be held by the Sheriff in a separate interest-bearing account.