FOURTH DEPARTMENT, JULY, 1982

(July 9, 1982)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANTHONY J. SIRIANNI, Respondent. — Order unanimously reversed, on the law and facts, and motion denied. Memorandum: Defendant was indicted for the crime of operating a motor vehicle while under the influence of alcohol, a felony. In support of the indictment, the District Attorney filed a special information accusing the defendant of previously having been convicted of operating a motor vehicle while under the influence of alcohol, a misdemeanor. The defendant moved to suppress evidence of his prior misdemeanor conviction claiming that it may not be used to raise the present offense to a felony since he was not represented by counsel when he pleaded guilty to the prior misdemeanor charge. The Trial Judge ordered the prior conviction suppressed and from that order the District Attorney appeals. The Trial Judge based his decision on the cases of *Baldasar v Illinois* (446 US 222) and *People v Dorn* (105 Misc 2d 244). *Baldasar* was an extension of the rule in *Argersinger v Hamlin* (407 US 25) that absent a knowing and intelligent waiver of the right to counsel, no person may be imprisoned for any offense, whether classified as petty, misdemeanor or felony, unless he was represented by counsel. In *Baldasar,* the United States Supreme Court held that where the defendant did not formally waive his right to counsel on a misdemeanor theft charge, that conviction could not be used to elevate a subsequent misdemeanor to a felony punishable by imprisonment. In *Dorn,* the defendant, as here, was previously convicted, upon a plea of guilty, of driving while under the influence of alcohol, a misdemeanor. He, too, was not represented by counsel, but unlike the defendant here, he was not advised of and did not waive his right to counsel. The court refused to permit the misdemeanor conviction to serve as a predicate for a felony conviction. It specifically held that "[i]n the absence of such instruction [of the right to counsel] or a valid waiver, defendant's uncounseled plea of guilty to the misdemeanor charge is constitutionally invalid for the purpose of raising a second offense to the felony level". (*People v Dorn, supra,* p 247.) The defendant may not rely upon the holding of *Baldasar* and *Dorn,* since he effectively waived his right to counsel (see *People v Bourdrieau,* 107 Misc 2d 3). Here, the defendant does not contend that he was not advised of and did not waive his right to counsel. He contends that his waiver was not knowingly and intelligently made for the sole reason that the court did not inform him that should he commit a subsequent offense he would be subject to enhanced punishment. To be valid, a waiver of the right to counsel must be made with an awareness of the relevant circumstances and probable consequences (*Matter of Lawrence S.,* 29 NY2d 206; *People v Nixon,* 21 NY2d 338). These are the same considerations that apply in determining the validity of a guilty plea (*People v Nixon, supra*). Although a defendant who wishes to plead guilty must be informed of the direct consequences of his plea, he need not be told of collateral consequences (*Sanchez v United States,* 572 F2d 210; *Cuthrell v Director, Patuxent Inst.,* 475 F2d 1364, cert den 414 US 1005). That a defendant is subject to an enhanced sentence for a crime he may commit in the future is a collateral consequence of his plea and not the type of consequence about which he must be advised (*Wright v United States,* 624 F2d 557; *United States v Keefe,* 621 F2d 17, 20; *Weinstein v United States,* 325 F Supp 597; *People v Jackson,* 105 Misc 2d 437). Whether dealing with a plea of guilty or with a waiver of the right to counsel, we should not impose upon the court the

unrealistic burden of informing a defendant of all possible future contingencies (see *People v Wilson,* 81 Misc 2d 739, 741). It is enough that the defendant be fully informed of the punishment for the crime he has already committed; it need not be anticipated that he will again disobey the law and commit additional crimes (*Fee v United States,* 207 F Supp 674; *People v Jackson, supra,* p 438). (Appeal from order of Cattaraugus County Court, Horey, J. — suppression.) Present — Dillon, P. J., Simons, Doerr, Boomer and Schnepp, JJ.