OPINION OF THE COURT
Martin Evans, J.
This plaintiff’s motion pursuant to CPLR 3213 raises a question of first impression: can a guilty plea alone be a sufficient predicate for summarily awarding damages via a motion for summary judgment in lieu of complaint?
The case at bar arises from a street altercation on July 24, 1981 between the plaintiff and defendant. The defendant was arrested and charged with assault in the third degree. (Penal Law, § 120.00.) On August 13,1981, in Part AP 17 of the Criminal Court (Mogel, J.), the defendant pleaded guilty to the charge. Following entry of the guilty plea, in a full allocution, the defendant admitted that he assaulted the plaintiff by striking him with a weighted object, causing injury to his head. The defendant clearly evinced his understanding of the nature of the charge, the consequences of his plea and his waiver of rights to be tried *172 before a jury, offer proof or remain silent and confront witnesses. He declared that he understood that “a plea of guilty is the same as a conviction after trial”. He admitted that he was pleading guilty because he was “in fact guilty”. He was represented by counsel with whom he had consulted prior to entry of the plea. He represented that he had been neither threatened nor offered anything to induce him to plead guilty, other than a representation that he would be sentenced to a conditional discharge. The agreed upon sentence was thereupon imposed and entered. Defendant chose not to appeal his criminal conviction. Plaintiff thereafter instituted this civil action by motion, seeking money damages for the same incident.
At first glance, the situation presented would appear to be a proper one in which to grant summary judgment. Summary judgment is properly granted when the elements of liability and damage are established by proof sufficient to conclude that the moving party is entitled to judgment as a matter of law. Here, the record clearly establishes that (1) the underlying guilty plea is a valid final judgment; and (2) the elements of a misdemeanor assault and a civil battery were conclusively established by the prior plea and cannot be collaterally attacked or disputed here.
In the prior criminal proceeding, the defendant pleaded guilty to assault in the third degree. The record proves that the defendant understood both the meaning and the consequences of a criminal conviction pursuant to the plea of guilty. The judgment in that cáse is final and valid and puts to rest any possible dispute of fact as to the actual assault. (See CPL 1.20; Cumberland Pharmacy v Blum, 69 AD2d 903.) The plea of guilty is itself a judgment of conviction, more than simply a confession admitting that the accused did the act. (People v Casella, 90 Misc 2d 442.) Furthermore, when a defendant pleads guilty he waives all possible defenses, and evinces prima facie intention to forego appellate review of the facts underlying his conviction. (People v Melton, 35 NY2d 327.) Only in the most exceptional case, where the defendant demonstrates that his plea was not knowingly, intelligently and voluntarily made, should a court conclude that the. defendant’s plea *173 must be reconsidered, questioned or reviewed. (Cf. People v Wei Chen, 104 Misc 2d 1057.) This is not such a case.
The record clearly establishes the essential elements of a valid guilty plea in every respect. (See, e.g., People v Bruno, 74 AD2d 577.) While defendant asserts, in his answer, that he did not anticipate civil liability in the context of his criminal conviction, a Judge need not, before accepting a guilty plea, inform the defendant of all possible future contingencies. (People v Wilson, 81 Misc 2d 739.) The record in this case indicates that defendant pleaded guilty after consultation with and advice of his attorney, and that he pleaded guilty because he was in fact guilty. In any event, the conviction is not subject to vacation, since the defendant has made neither a proper nor a timely motion to do so. (Matter of Chaipis v State Liq. Auth., 44 NY2d 57.) The judgment is therefore both valid and final.
Not only is defendant’s guilty plea procedurally a valid, binding final judgment; it substantively established defendant’s guilt in the criminal case, and derivatively precludes him from denying here the underlying facts of the assault established in the criminal case.
In S. T. Grand, Inc. v City of New York (32 NY2d 300, 304), the Court of Appeals held that the principle of collateral estoppel applies to prior criminal, as well as prior civil proceedings as long as there is “ ‘an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and * * * there must have been a full and fair opportunity to contest the decision now said to be controlling’ ”. In Read v Sacco (49 AD2d 471), the court granted the plaintiff summary judgment in a civil assault action for personal injuries. The court es-topped the defendant from relitigating the essential issues of intentional assault based upon his prior criminal conviction for assault in the third degree, since proof of the elements of a criminal assault — the intentional infliction of physical injury — sufficiently proves the tort of battery. (See Masters v Becker, 22 AD2d 118.) The evidence before the court also convincingly demonstrates that defendant does not and cannot raise any defense that could not have been raised in the criminal case. There, he specifically waived his rights to assert defenses, present evidence or *174 put the prosecution to its proof. Having admittedly gained the benefit of the bargain, by obtaining a most favorable sentence, the defendant cannot now complain that he has any valid defenses. He willingly, knowingly, and — it would seem — gladly declined to present them at trial. Defendant never sought to withdraw his plea, nor did he choose to appeal. He shows no basis for either withdrawal or appeal.
Defendant, moreover, cannot claim that he is prejudiced by the application here of findings made in a criminal case. Here, plaintiff’s burden of proof (i.e., a preponderance of the credible evidence) is a significantly lesser standard than that which must be met by the prosecution in a criminal case (i.e., proof beyond a reasonable doubt). An issue established beyond a reasonable doubt has been, a fortiori, established by a preponderance of the credible evidence. In pleading guilty, defendant waived not only his right to put the State to its proof, but necessarily, his right to put the State to the higher standard of proof.
The criminal proceeding, however, can be regarded as conclusive only as to liability. The extent of plaintiff’s injury was not the subject of the criminal proceeding and was not determined by it. The criminal action, having as its object the .redress of a public wrong, rather than the compensation of a private wrong, did not nor cannot determine the amount of damages, if any, which the defendant should owe plaintiff. The extent and amount of damages therefore remains a triable issue. (See Adan v Abbott, 114 Misc 2d 735.) Any of the defenses which plaintiff claims he can assert, such as justification or provocation, while not now available to contest liability, are certainly admissible in mitigation of damages. (Kiff v Youmans, 86 NY 324; see Decker v Werbenec, 36 Misc 2d 220; Winant v State of New York, 33 Misc 2d 990.)
To conclude that a criminal judgment can suffice as a predicate for summary judgment relief under CPLR 3212 nevertheless does not compel the conclusion that the movant is entitled to the summary judgment in lieu of complaint sought here.
The literal wording of CPLR 3213 may superficially seem to indicate otherwise: “When an action is based upon *175 an instrument for the payment of money only or upon any judgment, the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint.” The phraseology, “any judgment” was added in 1969 to clarify the legislative intent that the motion not be limited only to judgments for money only. (L 1969, ch 210; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3213:2.) Nevertheless both the pleading and the proof on the motion must still be sufficient to warrant the granting of judgment as a matter of law. When a judgment is sued upon, it alone must be sufficient to fully establish the right to the judgment sought. If resort must be had to any additional proof extrinsic to the judgment, relief under CPLR 3213 cannot be sought. (See Plummer v Plummer, 80 Misc 2d 934; 4 Weinstein-Korn-Miller, NY Civ Prac, par 3213.04.) The criminal judgment sued upon here is clearly insufficient as proof of the amount of damages. That insufficiency alone does not necessarily bar CPLR 3213 relief; if that were the only outstanding issue, the court could order an immediate trial as to damages, as under CPLR 3212 (subd [c]). (4 Weinstein-Korn-Miller, NY Civ Prac, par 3213.02b.) Here, however, the criminal judgment may also be insufficient as to liability. While the plea minutes adequately and conclusively establish unconsented body contact, and thus the tort of battery, they do not establish any threatening or menacing behavior so as to adequately prove a civil assault.
Indeed, the court cannot determine whether the proof on this motion is adequate, because the only pleadings — the moving papers — are themselves inadequate as a basis for granting judgment. Plaintiff merely recites the fact of the criminal conviction and conclusorily claims damages. It cannot be determined whether he is alleging a civil assault or a battery. Similarly, he does not specify the nature of the damages claimed, especially significant in an area of law where punitive as well as compensatory damages may well be sought. Consequently, the court must deny the relief sought.
Upon denial of a motion for summary judgment in lieu of complaint, “the moving and answering papers shall be *176 deemed the complaint and answer, respectively, unless the court orders otherwise”. (CPLR 3213.) If moving papers are so vague as to fail to give adequate notice of the nature of a plaintiff’s claim, they cannot stand as pleadings, and must be dismissed. The moving papers here, however, while inadequate as a basis for summarily granting a final judgment, are not insufficient as a complaint as a matter of law. Moreover, the answering papers leave no doubt that the defendant was placed on notice of plaintiff’s claim. While the court therefore should not order dismissal, and need not direct repleading, both parties and the court would benefit if the claims and defenses, if any, were clarified by repleading. Plaintiff is directed to serve a formal complaint within 20 days of service of a copy of this decision; defendant shall answer within 20 days of service of the complaint. The denial of the relief sought herein is, of course, without prejudice to a motion for summary judgment once issue is joined following repleading.