■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY EDWARDS, Appellant. — Appeal from a judgment of the County Court of Schenectady County (Catena, J.), rendered October 28, 1981, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree. As a result of an incident which occurred on January 28, 1981, wherein defendant allegedly knowingly and unlawfully entered a dwelling at 4 Washington Avenue in the City of Schenectady with the intent to commit larceny therein,

defendant was indicted on one count of burglary in the second degree, one count of criminal mischief in the fourth degree, one count of attempted petit larceny, one count of conspiracy in the fourth degree and one count of possession of burglar's tools. He was subsequently permitted to plead guilty to attempted burglary in the second degree in full satisfaction of the indictment and was sentenced, as a second felony offender, to an indeterminate term of imprisonment of three to six years. The instant appeal followed. We hold that the challenged judgment should be affirmed. In so ruling, we find without merit defendant's contention that his guilty plea was improperly obtained because, prior to entry thereof, he was not informed that he was pleading guilty to a violent felony offense and, consequently, he was deprived of his constitutional right to counsel. This is not a case where defendant is asserting his innocence, and the sentence imposed was in accord with the plea-bargained agreement. Defendant here seeks a reversal of his conviction solely because he was not advised prior to his plea of a collateral consequence of the plea, i.e., the possibility of prospectively receiving a greater sentence should he commit another classified violent felony offense. A failure to advise as to this possibility clearly does not warrant our disturbance of the judgment of conviction (cf. *People v Sirianni,* 89 AD2d 775). Judgment affirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.