■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ERNEST CUMMINGS, Respondent. — Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered on February 25, 1983, which sentenced the defendant, as a first felony offender, to concurrent terms of imprisonment of 4 years to life and 1 to 3 years, upon his pleas of guilty to the crimes of criminal sale of a controlled substance in the second and fifth degrees (Penal Law, §§ 220.41, 220.31), is unanimously reversed, on the law, the sentence is vacated and matter remanded for resentencing of defendant as a second felony offender.

The sentencing court misconstrued the burden of proof requirements of CPL 400.21 in respect to establishing defendant's status as a second felony offender. As has recently been said by the Court of Appeals: "This section places upon the People the burden of proving beyond a reasonable doubt the existence of the previous felony conviction (CPL 400.21, subd 7, par [a]), but not its constitutionality. Once the fact of the prior conviction has been established, it is then incumbent upon the defendant to allege and prove the facts underlying the claim that the conviction was unconstitutionally obtained (CPL 400.21, subd 7, par [b])" (*People v Harris,* 61 NY2d 9, 15).

The People met their burden of establishing the existence of the prior felony conviction. The defendant then had the burden of establishing the unconstitutionality of his 1970 plea. The basis of his challenge, that the plea allocution was constitutionally infirm because he was not specifically advised that by pleading guilty he was waiving his right to a jury trial and his privilege against self incrimination, two of the rights enunciated in *Boykin* (*Boykin v Alabama,* 395 US 238, 244), is without merit.

The Court of Appeals has repeatedly held, as has this court, that there is no mandatory catechism that must be recited during the taking of a guilty plea. (*People v Nixon,* 21 NY2d 338, cert den *sub nom. Robinson v New York,* 393 US 1067; *People v Francis,* 38 NY2d 150; *People v Harris,* 61 NY2d 9, *supra.*) Rather the test is whether under the circumstances then present, the defendant's plea of guilty was freely, voluntarily and knowingly given. (*People v Nixon, supra.*) In a recent reaffirmation of the doctrine established in *Nixon,* the Court of Appeals commented that the court "has never held, and we refuse to so

hold now, that a predicate conviction upon a guilty plea is invalid solely because the Trial Judge failed to specifically enumerate all the rights to which the defendant was entitled and to elicit from him or her a list of detailed waivers before accepting the guilty plea." (*People v Harris*, 61 NY2d 9, 16, *supra*.) The court held that it was only necessary that it be demonstrated that the plea was understandingly and voluntarily made in order for the prior conviction to withstand constitutional challenge. (*People v Harris*, 61 NY2d 9, 16, *supra*; see *Boykin v Alabama*, 395 US 238, 244, *supra*.)

Applying the proper standards to this case, we conclude that the defendant has failed to sustain his burden of demonstrating that his plea to the 1970 conviction was unconstitutionally obtained. The minutes of the May 12, 1970 plea demonstrate that the defendant was experienced in the ways of criminal proceedings, he was represented by competent counsel, he admitted his involvement in the crime, and he obtained a substantial benefit from plea negotiations. Moreover, he acknowledged that his plea was voluntarily made, without threat or coercion.

Moreover, this record raises serious doubts as to this defendant's credibility and to the *bona fides* of his constitutional challenge. He initially pleaded guilty before another Judge, but then was permitted to withdraw that earlier plea upon asserting his innocence of the acts charged and his unawareness that he would be sentenced as a predicate felon. The record of that initial plea, however, makes it clear that the court fully informed the defendant of his potential second felony offender status and its consequences. Defendant pleaded guilty a second time before a different Judge and raised the challenge now under review. The court registered its doubt as to the merit of defendant's assertion and appropriately observed that this defendant would say anything to avoid being sentenced as a second felony offender, but then, curiously, misapplied the law and held that he was not a predicate felon and sentenced him accordingly. Concur — Kupferman, J. P., Sullivan, Ross, Carro and Alexander, JJ.