■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MINNIE MITCHELL, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Westchester County (Wood, J.), both rendered November 28, 1983, each convicting her of criminal possession of a forged instrument in the second degree, upon her pleas of guilty, and sentencing her, as a second felony offender, to two indeterminate terms of imprisonment of 2 to 4 years, to run concurrently.

Judgments affirmed.

The defendant failed to meet her burden of proving that her prior felony conviction was unconstitutionally obtained (see, CPL 400.21 [7] [b]; *People v Harris*, 61 NY2d 9, 15). To the contrary, it appears that the defendant's guilty plea to the prior crime was knowingly and voluntarily made upon the advice of competent counsel whose efforts on the defendant's behalf had resulted in a rational plea bargain from which the defendant had derived a substantial benefit (see, *People v Pacheco*, 114 AD2d 913). At the time of the plea, the defendant was not a novice to the criminal court system, having pleaded guilty to five prior misdemeanors. The defendant admitted that at the time of the plea, she knew she did not have to plead guilty, that she had a right to go to trial and that the decision was hers. The experienced prosecutor who recommended acceptance of the defendant's plea testified that it was his practice to always advise a defendant of his or her right to a jury trial and that a guilty plea was a waiver of said right. Under the circumstances, the fact the defendant was not specifically advised that by pleading guilty she was waiving her privilege against self-incrimination and the right to confront and cross-examine witnesses does not render the conviction constitutionally infirm (see, *People v Harris, supra,* at pp 16-17; *People v Pacheco, supra; People v Cummings,* 106 AD2d 294). Moreover, the court was not required to advise the defendant of a collateral consequence of her plea, i.e., that she was subject to an enhanced sentence should she commit another felony (see, *People v Edwards,* 96 AD2d 610; *People v Sirianni,* 89 AD2d 775).

We further note that the defendant was sentenced to the minimum allowable sentences for her class D felony convictions, based upon her status as a second felony offender (see, Penal Law § 70.06 [3] [d]; [4] [b]). Accordingly, the sentences imposed cannot be considered unduly harsh or excessive (see, *People v Brown,* 46 AD2d 255). Mollen, P. J., Thompson, Niehoff, Rubin and Kunzeman, JJ., concur.