■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE RAMOS, Appellant.—Judgment, Supreme Court, Bronx County (Max Sayah, J.), rendered March 30, 1989, convicting defendant, on his plea of guilty, of robbery in the second degree and sentencing him, as a second violent felony offender, to an indeterminate term of imprisonment of 4 to 8 years, unanimously affirmed.

Defendant claims that his plea allocution was defective because he was not advised that the sentencing court, if unwilling or unable to sentence him in accordance with its original promise, would give him an opportunity to withdraw his plea *(see, People v Rosenberg,* 148 AD2d 346). We recently

held that the Judge conducting a plea allocution is under no absolute obligation to advise defendant that his plea of guilty might lead to an enhanced sentence should the defendant subsequently be convicted of another crime. *(People v Silvers, 163 AD2d 71.)* A plea allocution is not defective merely because the court fails to enumerate each and every procedural right that a defendant may have on sentencing. The record herein provides full assurance that the plea was knowingly and voluntarily made *(People v Cummings,* 106 AD2d 294).

At sentencing, assigned counsel orally moved to withdraw the defendant's plea. Counsel offered only the conclusory assertion that the defendant did not fully understand "what he was doing" and that he wished to raise the issue of ineffective assistance of counsel. Although the Trial Judge offered assigned counsel a one-week adjournment in which to make a motion on written papers, counsel declined. Since defendant failed to provide details as to his claimed bases for his motion to withdraw his plea, even though he was given an opportunity to do so, the trial court did not abuse its discretion in denying the motion without a hearing on the oral application *(People v Hughes,* 156 AD2d 130, *lv denied* 75 NY2d 920).

We further note that defendant was sentenced exactly as promised. Concur—Ross, J. P., Kassal, Ellerin and Wallach, JJ.