■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY SIMONS, Also Known as HENRY SIMMONS, Also Known as JAMES SIMMONS, Appellant. [619 NYS2d 562] —Order, Supreme Court, New York County (Brenda Soloff, J.), entered May 29, 1992, which denied defendant's motion to vacate the judgment of conviction, same court (Mitchell Schweitzer, J.), rendered June 17, 1957, convicting defendant upon his plea of guilty, of attempted feloniously possessing a narcotic drug, and sentencing him to a term of 1½ to 2 years, unanimously affirmed.

There is no merit to defendant's contention that his 1957 plea of guilty was unconstitutionally obtained because he was not advised by the court that took the plea that a consequence thereof would be exposure to enhanced punishment in the event of another felony conviction *(People v Mitchell,* 121 AD2d 403). Nor was defendant entitled to a hearing on his claim that he was not advised at the time of his 1957 plea of his right to appeal on the basis of motion papers that did not present relevant factual allegations showing that defendant "had a genuine appealable issue which, but for ignorance of or improper advice as to his rights, he might have raised on appeal" *(People v Melton,* 35 NY2d 327, 330). We have examined the 1957 plea and sentence minutes and conclude that defendant, then 28 years old, after consulting with counsel of his choice, entered a knowing, intelligent, and voluntary plea of guilty *(see, People v Nixon,* 21 NY2d 338, 353, *cert denied sub. nom. Robinson v New York,* 393 US 1067). We have reviewed defendant's other contentions and find them to be without merit. Concur—Ellerin, J. P., Wallach, Asch, Nardelli and Tom, JJ.