Akwaboa v Bowe (2004 NY Slip Op 50726(U))

[*1]

Akwaboa v Bowe

2004 NY Slip Op 50726(U)

Decided on June 22, 2004

Supreme Court, Bronx County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 22, 2004

Supreme Court, Bronx County
Kingsley Akwaboa Plaintiff,
against
Michael Bowe Defendant.
26835/2003

Nelson S. Roman, J.
This action stems from an incident between plaintiff and defendant, wherein defendant physically assaulted plaintiff. As a result of the assault, plaintiff sustained injuries to his mouth and the loss of two teeth. Immediately following the incident, defendant was arrested and charged with assault in the third degree. Subsequent to his arrest, defendant plead guilty to a lesser charge of harassment in the second degree. During his sworn plea allocation, defendant admitted that he struck the plaintiff and agreed to provide complete restitution for any medical bills not covered by plaintiff's insurance. Plaintiff then commenced the instant plenary action seeking compensatory and punitive damages for his injuries. Following joinder of issue, plaintiff now moves for Summary Judgment on the issue of liability and to strike defendant's Answer, Affirmative Defenses and Counterclaim. For the following reasons, plaintiff's motion is granted in part.
Summary judgment is the procedural equivalent of a trial. S.J. Capelin Assoc., Inc. v. Globe Mfg. Corp., 34 N.Y.2d 338 (1974). It is a drastic remedy and should not be granted where there is any doubt as to the existence of a triable issue. Rotuba Extruders v. Ceppos, 46 N.Y.2d 223 (1978). The proponent of a motion for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, presenting sufficient evidence, in admissible form, to eliminate any material issues of fact from the case. Winegrade v. New York Univ. Med. Ctr., 64 N.Y.2d 851 (1985).
It is well settled law, that the doctrine of collateral estoppel precludes a party from relitigating an issue already decided against the party where the party had a fair opportunity to litigate. Kaufman v. Eli Lilly and Co., 65 N.Y.2d 449,455 (1985), Gilberg v. Barbieri, 53 N.Y.2d 285,291 (1981). Collateral estoppel, when properly utilized, serves to conserve the resources of the courts and the parties. Gilberg, 53 N.Y.2d at 291. There are two essential criteria that must be satisfied in order to preclude a party: first, the issues raised must be identical and must have been decided in the prior action and is decisive to the present action; second, the party that is precluded must have had a full and fair opportunity to contest the prior determination. Kaufman, Id. at 455. Under the doctrine of collateral estoppel, prior determinations that are made in criminal cases are to be given collateral estoppel in subsequent civil cases. (Merchants Mut. Ins. Co. v Arzillo, 98 AD2d 495, 502.)
[*2]
In support of his motion, plaintiff submits a copy of the Criminal Court's minutes wherein defendant plead guilty to PL § 240.26 (1), Harassment in the Second Degree. PL § 240.26 (1) states in relevant part,

A person is guilty of harassment in the second degree when, with intent to harass, annoy or alarm another person: (1) He or she strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same... 
In his allocation before the court, he stated, " I struck the victim Kingsley Akwaboa without any provocation on part of the victim, causing victim to sustain injuries to mouth, loss of teeth." Even though the assault charge was dismissed when he plead guilty, his sworn plea still informed the Court that there was no provocation from plaintiff when defendant struck him. In Defendant's motion, he asserts self-defense claims to combat the assault claims of plaintiff's complaint, even though he admitted in Court that there was no provocation.
In opposition, defendant asserts that the issues in this civil suit are different from those in the criminal suit, namely that he plead guilty to harassment opposed to an assault, as asserted in the civil complaint of battery. A guilty plea is considered a valid final judgment where the factual elements of a transaction or incident are conclusively established. McMillian v. Williams, 116 Misc.2d 171,172. (1982). Stated more simply, when a defendant pleads guilty in a criminal case, it will preclude him from denying the facts that were established in that criminal case in a subsequent civil action. Id. at 173. Here, defendant plead guilty to striking plaintiff without provocation, which caused injuries to plaintiff's mouth. Although his assault charge was dismissed, he admitted the underlying factual allegation that he struck the plaintiff.
It is undisputed that defendant was given a fair opportunity to contest and litigate in Criminal Court rather than defend and raise the very factual issues which are to be litigated in the instant civil action. Defendant was informed prior to his allocation by the court that if he plead guilty he was giving up his rights to require prosecution present evidence to find him guilty beyond a reasonable doubt. Instead, defendant voluntarily conceded that he struck plaintiff. Thus, Plaintiff has therefore met his burden to commence this civil action on the issue of liability based on the facts of the criminal case. Plaintiff has met the two necessary elements to collaterally estop defendant from contesting the factual allegation due to his guilty plea. The extent and amount of damages will remain a triable issue.
To the extent that plaintiff must demonstrate an entitlement to damages as a result of defendant's actions, he is not precluded from asserting defenses to rebut or diminish plaintiff's claims of injuries. Clearly, the extent of plaintiff's injuries was not litigated in the criminal action. Therefore, the extent and amount, if any, of damages remains a triable issue. (See, McMillian v. Williams, at 173, citing, Adan v. Abbot, 114 Misc.2d 735. Any defenses available to mitigate damages may be asserted accordingly, therefore the motion must be granted.
Plaintiff's motion is granted in part and defendant's answer, affirmative defenses and counterclaims are dismissed.
This constitutes the Decision and Order of the Court.
Dated:June 22, 2004______________________________
[*3]
Bronx, NYNelson S. Roman, J.S.C.